(107 So. 746)

## AMERICAN RY. EXPRESS CO. v. HENDERSON. (6 Div. 619.)

(Supreme Court of Alabama. March 18, 1926.)

**1. Evidence ☞407(1)—Parol evidence held inadmissible to alter written contract with express company as to liability for examination of C. O. D. shipment.**

One, who wished to ship drawing by express C. O. D. without privilege of examination, but failed to have such provision stipulated, and accepted receipt containing contract that company was not liable for such examination, unless caused by negligence, could not alter such contract by parol.

**2. Carriers ☞142—Carrier has duty to hold goods in warehouse subject to order of consignor for reasonable time, where consignee fails to receive them.**

Carrier has duty to store goods shipped, either in its own warehouse or in that of some responsible third party, and to hold them subject to order of consignor for reasonable time, where consignee fails or refuses to receive shipment.

**3. Carriers ☞94(5) — Question whether express company conspired with consignee of C. O. D. shipment to have payment immediately garnisheed held for jury, in action by shipper.**

In action against express company by interstate C. O. D. shipper, question of conspiracy between defendant and consignee to have amount paid by latter immediately garnisheed held for jury.

**4. Trial ☞139(1).**

General affirmative charge in favor of defendant should not be given, where there is slightest evidence showing right of recovery.

**5. Carriers ☞92—Express company holding proceeds of C. O. D. shipment to permit of garnishment was guilty of "conversion."**

If express company agreed with consignee of drawing shipped C. O. D. to hold money so

consignee could garnish it, there was a conversion; "conversion" in sense of law of trover consisting either in appropriation of thing to party's own use, or in its destruction or in exercising dominion over it in defiance of owner's rights, or withholding of possession under claim inconsistent with owner's.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Conversion.]

**6. Carriers ☞94(½)—Where payment for C. O. D. express shipment was garnisheed as result of collusion, carrier liable as for money had and received.**

Where money paid by consignee of C. O. D. shipment was immediately garnisheed, if there was collusion between express company and consignee to defeat consignor's rights, consignor could recover from express company on count for money had and received.

**7. Carriers ☞92—Consignor of C. O. D. express shipment had no duty to defend proceeding brought at instance of express company by which consignee's payment was garnisheed.**

Consignor of C. O. D. express shipment had no duty to defend proceeding brought at instance, or with connivance, of express company, or with its collusion with consignee by which consignee's payment was garnisheed.

**8. Carriers ☞94(5)—In action against express company by interstate C. O. D. shipper, instruction that court at destination had authority to pass on garnishment proceedings by which payment was garnisheed held misleading.**

In action against express company by interstate C. O. D. shipper, where payment had been garnisheed at destination, instruction that court at destination had authority to pass on such garnishment proceedings *held* properly refused as misleading, where there was evidence that they were commenced by consignee at instance of defendant, or with its connivance.

**9. Trial ☞295(5)—Part of oral charge stating that plaintiff should recover if material averments of complaint were proved held not error, where court also instructed as to defensive pleas.**

Part of oral charge stating that plaintiff should recover if material averments of complaint were proved *held* not error, where court also gave instructions denying recovery if defensive pleas were established, since such oral charge must be considered in its entirety.

Appeal from Circuit Court, Jefferson County; Roger Snyder, Judge.

Action by Aleene Henderson against the American Railway Express Company. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

Bradley, Baldwin, All & White, of Birmingham, for appellant.

If the court submits one or more counts to the jury without sustaining evidence, the

judgment for plaintiff must be reversed. National B. & L. Co. v. Wilson, 73 So. 436, 198 Ala. 90; Woodward Iron Co. v. Maxey, 76 So. 913, 200 Ala. 555. The express receipt is the sole evidence of the contract, and cannot be varied by instructions, oral or written. Smith v. Southern Exp. Co., 16 So. 62, 104 Ala. 387. It was error to instruct the jury to find for plaintiff, if he proved the material averments of his complaint, when special pleas were in and evidence to sustain them. Little Cahaba Coal Co. v. Arnold, 91 So. 586, 206 Ala. 598; Standard C. Co. v. Dearman, 86 So. 537, 204 Ala. 553; Ward v. Meadows, 88 So. 427, 205 Ala. 432; Doby v. Layton, 98 So. 9, 210 Ala. 303; Southern R. Co. v. Gantt, 98 So. 192, 210 Ala. 383. The garnishment proceedings in Florida present a complete defense to this suit. Elliott on R. R. (2d Ed.) § 1537; Rev. Stat. Florida, §§ 3431–3435; Hutchinson on Carriers (3d Ed.) §§ 738–740; B. & O. R. Co. v. Freeze, 82 N. E. 761, 169 Ind. 370. It was the duty of appellee to pay some heed to such proceedings. Merz v. Chicago & N. W. R. Co., 90 N. W. 7, 86 Minn. 33; B. & O. S. W. R. Co. v. Adams, 66 N. E. 43, 159 Ind. 688, 60 L. R. A. 396.

C. E. Wilder and G. M. Edmonds, both of Birmingham, for appellee.

The act of appellant in delivering the shipment and permitting examination by the consignee amounted to a conversion. Conner v. Allen, 33 Ala. 516; Dent v. Chiles, 5 Stew. & P. 383, 26 Am. Dec. 350; Hutchinson on Carriers (13th Ed.) § 8727. The attachment proceeding amounted to a fraud. Sessoms Gro. Co. v. Int. Sugar Feed Co., 66 So. 480, 188 Ala. 232. There was sufficient evidence of a conspiracy, and this question was properly left to the jury. L. & N. R. Co. v. Whitley, 105 So. 661, 213 Ala. 525; Southern Ex. Co. v. Grace, 68 So. 172, 109 Miss. 268.

MILLER, J. This is a suit by Aleene Henderson against the American Railway Express Company for damages for the conversion of a perspective drawing in water colors of a schoolhouse, which was delivered to defendant in Birmingham by plaintiff, consigned to F. H. Trimble in Orlando, Fla., to be delivered to the consignee "C. O. D. $100." There were four counts in the complaint. The first count charges a conspiracy and collusion between the consignee, Trimble, and the defendant, to deliver the drawing to consignee, and the consignee to pay it $100 therefor, and then immediately for the consignee to have this $100 of plaintiff garnisheed in Florida while in its possession to the loss and damage of plaintiff. Counts 2 and 3 are in trover for the conversion by the defendant of this perspective water color drawing, the property of plaintiff. Count 4 is for money had and received. The defendant pleaded in short general issue, with leave to give in evidence any matter which, if well pleaded,

would be admissible in defense of the action, and with leave to the plaintiff to give in evidence any matter, which, if well pleaded, would be admissible in reply to such defensive matter. The jury returned a verdict in favor of the plaintiff, and from a judgment thereon by the court this appeal is prosecuted by the defendant.

This drawing was delivered by the plaintiff to the defendant in Birmingham, Ala., on the 18th of May, 1922, to be delivered C. O. D. $100 to F. H. Trimble, in Orlando, Fla. When this shipment was delivered to the defendant, plaintiff orally instructed the defendant not to deliver or allow inspection of the perspective drawing by the consignee until and unless the sum of $100 was paid therefor. Upon the arrival of the drawing in Orlando, Fla., the defendant permitted the consignee, an architectural draftsman, to examine the drawing without then and·there paying for the same, contrary to the oral instructions given by plaintiff to the defendant. The consignee after inspection declined to accept it because not made in accordance with instructions. The plaintiff and consignee, prior to making this shipment, had a contract by which plaintiff was to make said drawing as it was made, and consignee was to pay $100 for it in cash, without inspection and before delivery to him, when it reached Orlando, Fla., consigned to him. There was evidence tending to show that—

"The consignee, Trimble, as an architectural draftsman knew immediately upon examination by viewing the drawing whether the plans from which the drawing was made were satisfactory to him. The drawing was of no further use to him. It was then likewise useless to appellee."

This shipment was C. O. D., as was evidenced by a receipt contract. It failed to state anywhere thereon the oral instructions given defendant:

"Not to make delivery or allow inspection of the drawing until and unless $100 C. O. D. had been paid."

The receipt does state in writing that—

The defendant "agrees to carry upon the terms and conditions of its regular form of receipt printed on back hereof to which the shipper agrees and as evidence thereof accepts and signs this receipt."

In the terms and conditions on the back of the receipt, we find the following:

"Unless caused by its own negligence or that of its agents the company shall not be liable for * * * the examination by or partial delivery to the consignee of C. O. D. shipments."

[1, 2] The plaintiff accepted that receipt containing that agreement in writing. If plaintiff still insisted, and desired the C. O. D. package should be carried, and that it must not be delivered or inspected until and unless the $100 C. O. D. had been first paid, then she should have refused the receipt and con-

tract as written, and insisted on the contract being so written as to carry out her instructions and object. This she failed to do. She kept the receipt with the contract terms as evidence thereof, which were contrary to her oral instructions. This is in part a receipt, and in part a written contract. The written contract part thereof expressly states the defendant shall not be liable for the examination of the C. O. D. shipment by the consignee, unless caused by its own negligence or that of its agents. These written terms in this contract cannot now be altered or varied by parol. See Smith v. Southern Express Co., 16 So. 62, 104 Ala. 387, which is almost directly in point. Gravlee v. Lamkin, 24 So. 756, 120 Ala. 210. In the case of Jones Cotton Co. v. Snead. 53 So. 988, 989, 169 Ala. 569, this court wrote:

"The truth and law of the whole matter is it is not, strictly speaking, a complete or entire contract. In part, it is a receipt for the cotton and for part of the price therefor—this, from the mere recitals of that part of the contract which was executed—and, in part, the recital or written evidence of an executory contract. In so far as it was a receipt, it was of course governed by the law regulating receipts— that is, it was open to contradiction or explanation by parol proof; and, in so far as it was a contract, it was governed by the law of written contracts, and could not be contradicted or varied by contemporaneous proof. Gravlee v. Lamkin, 24 So. 756, 120 Ala. 210; Smith v. Southern Express Co., 16 So. 62, 104 Ala. 387."

"Where the consignee fails or refuses to receive the shipment, it is the duty of the carrier to store the goods shipped, either in its own warehouse or in that of some responsible third party, and to hold the goods subject to the order of the consignor for a reasonable time." 10 C. J. 269, § 386, headnotes 19, 20; Louisville & N. R. Co. v. Roden, 96 So. 912, 209 Ala. 694; L. & N. R. Co. v. Brewer, 62 So. 698, 183 Ala. 172.

In this cause the consignor, the plaintiff, refused to receive from the defendant the shipment. This drawing was delivered by plaintiff to defendant on May 18, 1922. The defendant permitted the consignee to inspect it at Orlando, Fla., on May 21, 1922. The drawing was declined by the consignee on May 22, 1922. The plaintiff refused in writing on May 25, 1922, to accept the drawing, which was offered to be returned to her by the defendant. The plaintiff filed on May 31, 1922, her claim for $100 damages against defendant with it. The defendant's claim agent Davidson wrote a letter to the plaintiff's attorney on May 18, 1922, a part of which reads as follows:

"No doubt the consignee would be willing to pay the amount of the C. O. D. to us at this time as a matter of protection to this company, still the chances are that he would attach the amount as soon as paid, and which, of course, would be of no benefit to the shipper. If the amount had been collected in the first place, it probably would have been attached before we could have forwarded it to the shipper, as is done in many such cases. Therefore I hardly think the shipper would be justified in attempting to collect the amount of C. O. D. for something which was entirely unsatisfactory and not made in accordance with original instructions. Consignee, as I understand is entirely reliable, and I would suggest that you handle direct with the consignee in an effort to reach some definite understanding, as surely our act in permitting the examination could not make us liable for the amount of C. O. D. Therefore I think it is in order for you to withdraw your claim as far as this company is concerned."

The consignee on August 4, 1922, accepted from the defendant this drawing and paid it $100 C. O. D. and carriage charges thereon. The consignee on that day, August 4, 1922, made affidavit for writ of garnishment, and procured a writ of garnishment from the clerk of the circuit court of Orlando county, Fla., against the defendant in a cause wherein consignee was plaintiff and Aleene Henderson and her husband were defendants in said circuit court in Florida. This express company was served with this writ of garnishment on the next day, August 5, 1922, and on August 29, 1922, filed its answer in that court admitting that it was justly indebted to Aleene Henderson in the sum of $100. The plaintiff's attorney was notified by the defendant of this garnishment writ being served on it, and this writ, with notice of time of its service, was given to plaintiff's attorney by the defendant on August 17, 1922. Notice of this suit in Florida circuit court was given plaintiff by publication in a newspaper in Orlando county, Fla. The plaintiff, Aleene Henderson, did not appear in that cause in the Florida court, and made no defense to it. On December 4, 1922, default for want of appearance was entered by the clerk of this circuit court in Florida against Aleene Henderson and her husband. There was no declaration or complaint filed against Aleene Henderson and her husband in that court. No judgment was rendered against her or him. No damages were assessed against her in that court. There was no judgment against the garnishee in that court, who is the defendant in this court. The default for want of appearance was entered December 4, 1922, in the Florida court. This suit in the circuit court of Jefferson county, Ala., was commenced on August 22, 1922, and it was tried on February 24, 1925; yet the record before us, which contains all the evidence, discloses:

No "judgment under the garnishment proceedings in the Florida court. There was no damages awarded against appellee in said proceedings. There was no order directing the appellant to pay into court the money attached. There appears no order or decree of the court condemning the money, thus attached under the writ of garnishment."

The drawing appears from the evidence to be in the possession of the consignee, Trimble,

and the $100 C. O. D. for it appears from the evidence to be in the possession of the defendant. The defendant refused to pay the plaintiff the $100. There was evidence that the plaintiff was not indebted to the consignee—owed him nothing.

The foregoing states some of the evidence exactly and in other respects the tendency of some of the testimony as it appears in the agreed statement of the evidence on which the case was tried by the jury.

The defendant requested separately the general affirmative charge with hypotheses in its favor as to each of the four counts of the complaint. The court refused each of these charges, and they are assigned and argued as errors.

[3] There is evidence tending to prove the averments of count 1. There is much evidence from which the jury could with reason justly conclude that the defendant and the consignee fraudulently and with collusion or connivance instituted the proceedings in the circuit court of Florida for the purpose of defrauding the plaintiff out of the value of the drawing. The court did not err in refusing that charge as to count 1. The defendant could not make the proceedings in this Florida court the basis of a defense to this action, unless it was free from fraud, collusion, or connivance. Elliott on Railroads (2d Ed.) § 1337, specially so declares. In Elliott on Railroads (2d Ed.) § 1461, we find this applicable text:

"If the legal proceedings be had at the instance or as it is held, with connivance of the carrier, they will not protect it."

See, also, Hutchinson on Carriers (3d Ed.) § 738.

[4] Where there is the slightest evidence tending to show a right of recovery for the plaintiff under a count, the general affirmative charge, with hypothesis in favor of the defendant as to that count, should not be given by the court. Brown v. Mobile Elec. Co., 91 So. 802, 207 Ala. 61, headnote 8.

[5] This court has defined conversion. In Conner v. Allen, 33 Ala. 516, this court wrote:

"A conversion, in the sense of the law of trover, consists either in the appropriation of the thing to the party's own use and beneficial enjoyment, or in its destruction, or in exercising dominion over it, in exclusion or defiance of the plaintiff's right, or in withholding the possession from the plaintiff, under a claim * * * inconsistent with his own."

See, also, Dent v. Chiles, 5 Stew. & P. 383, 26 Am. Dec. 360.

There is sufficient evidence from which the jury would be justified in finding that there was an agreement made between the consignee, Trimble, and the defendant, for the consignee to pay defendant the $100, and defendant would deliver the drawing to him, and then retain the money until the next day, not to remit it to plaintiff at once so the consignee could procure the writ of garnishment for the purpose of protecting each other and by this subterfuge to defeat plaintiff's rights. Thereby the consignee secured the drawing and defendant the $100, which it fraudulently detained, and did not pay to plaintiff. The jury could from the evidence so conclude; and, if they did, then the defendant in collusion with the consignee would be exercising dominion and control over the drawing and the money paid for it in the exclusion or in defiance of the rights of the plaintiff, which would be a conversion of it. So there is evidence from which the jury could conclude that the defendant converted this property of the plaintiff, and the court did not err in refusing to give the general affirmative charges with hypotheses, which were asked by the defendants in its favor as to counts 2 and 3. Authorities, supra.

[6] There is evidence tending to show that this $100 is in the possession of the defendant; that the defendant is not free from fraud, but is guilty of fraud, collusion, or connivance with the consignee in procuring the proceedings in the Florida court, for the purpose of defeating the plaintiff of her rights to this money. If this phase of the evidence is believed by the jury, then plaintiff would be entitled to recover under count 4, the count for money had and received; and the court properly refused the general charge with hypothesis in favor of the defendant as to this count. 10 Michie Dig. (Money Received) p. 63, § 1, and authorities, supra.

[7] The defendant requested, and the court refused to give this written charge to the jury:

"I charge you that it was the duty of plaintiff to take steps to defend the garnishment proceedings in the Florida court upon due notice to her, and, if she declined or refused to do so, she is concluded by such proceedings."

The court did not err in refusing to give this charge. It ignores the evidence tending to show the garnishment proceedings were instituted at the instance or with the connivance of the defendant, or with its collusion with the consignee, and if true there was no duty resting on plaintiff to take steps to defend it. Authorities, supra.

[8] The court did not err in refusing this charge requested in writing by the defendant:

"If you believe the evidence, the Florida court had the authority to pass on the garnishment proceedings introduced in evidence."

It was calculated to mislead the jury. It was calculated to make the jury believe the proceedings were regular and binding on the plaintiff in this suit against the defendant, when there was evidence from which they could conclude that those proceedings were commenced by the consignee at the instance of the defendant, or with the connivance of this defendant, or in collusion with it. Authorities, supra.

[9] The defendant excepted to the following part of the oral charge of the court to the jury:

"If you believe from all the evidence that the plaintiff has proven the material averments of her complaint, then she would be entitled to recover of the defendant."

It is true this sweeps away all defensive matters when considered alone, but the appellant cannot justly complain at this part of the charge, because the court, prior to this, in its oral charge, had stated this to the jury:

"Under that state of pleading, gentlemen, the burden is on the plaintiff to reasonably satisfy you as to the truth of the material allegations of the complaint or any count thereof before she would be entitled to recover of the defendant, and, after she has so reasonably satisfied you as to the truth of the material allegations contained in the complaint, or any count thereof, then she would be entitled to recover of the defendant, unless you are further reasonably satisfied as to the truth of any of the defendant's pleas, and the burden would be on the defendant to reasonably satisfy you as to the truth of their pleas, or any one of them."

And the court afterwards stated to the jury:

"I must also add that, unless you are further reasonably satisfied as to the truth of the material allegations of the defendant's pleas, and if he has so reasonably satisfied you as to the truth of the averments of his pleas, then the plaintiff would not be entitled to recover of the defendant."

The oral charge of the court on this subject must be considered in its entirety, and not by one excerpt thereof, and, when so considered, it is free from the error complained of by appellant. Sheffield Co. v. Harris, 61 So. 88, 183 Ala. 357; Ala. Consol. C. & I. Co. v. Cowden, 56 So. 984, 175 Ala. 108; 12 Michie Dig. p. 536, § 229 (1).

The defendant filed, and the court overruled, a motion for a new trial. In this we find no error. There is ample evidence to support and sustain the verdict of the jury in the agreed statement of the evidence.

The record is free from reversible error, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.