172 So. 630

## ALABAMA GREAT SOUTHERN R. CO. v. ROBBINS.

### 6 Div. 928.

Supreme Court of Alabama.

Jan. 7, 1937.

Rehearing Denied March 4, 1937.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellant.

500

H. H. Sullinger, of Bessemer, for appellee.

KNIGHT, Justice.

The plaintiff, appellee here, sued the appellant for personal injuries alleged to have been received by him in a collision between a truck driven by appellee and a locomotive engine, with a train of cars attached, operated by defendant's servants. The collision is alleged to have occurred near McCalla, Ala., at a point where the defendant's railroad crosses a public highway.

The complaint consisted of three counts, two alleging simple negligence, and the third charging a wanton wrong.

At the conclusion of the evidence the court, at the request of the defendant, gave the jury the general affirmative charge in its behalf. There were verdict and judgment for defendant.

Thereafter the plaintiff made motion for new trial. One of the grounds of the motion was that the court erred in giving the general affirmative charge in defendant's behalf. Upon submission and due consideration of the motion, the court granted the same, set aside the verdict and judgment, and awarded the plaintiff a new trial. In granting the motion the court made the following preliminary observation: "On this the 7th day of February, 1936, upon further consideration of the evidence, the court is of the opinion that it was open to the jury to infer that the locomotive approached the crossing without headlight burning as required by statute, and therefore the question of proximate cause was one for the jury. The said motion is therefore granted and the verdict and judgment is (are) set aside and the plaintiff is granted a new trial."

The pleading was in short by consent, and the cause was tried upon the pleas of the general issue and contributory negligence. It was upon the theory that the evidence showed without conflict that the plaintiff was, as a matter of law, guilty of contributory negligence proximately contributing to his own injuries, that the court gave the general affirmative instruction in behalf of the defendant.

The sole question presented by this appeal is, whether the evidence justified the court in giving the general charge for the defendant, upon the ground that the plaintiff was, as a matter of law, guilty of such contributory negligence as would bar his recovery in the case. Confessedly, if the evidence did not warrant the giving of the general charge for the defendant, the court was in error in so instructing the jury, and therefore, in granting the new trial on plaintiff's motion, the court but extricated itself from this initial error. If such was the case, the judgment of the court granting the new trial must be affirmed.

There was unquestionably sufficient evidence in the case tending to establish simple negligence at least on the part of the defendant's agent or servant in the operation of the locomotive at the time of, and just prior to, the accident, to make

that issue one for the determination of the jury.

So, then, the question is narrowed to the one single, concrete proposition, Was there such conflict in the evidence, touching plaintiff's contributory negligence, as to carry that issue to the jury? If there was, the defendant was not entitled to the general affirmative charge which the court gave in its behalf. White Swan Laundry Co. v. Wehrhan, 202 Ala. 87, 79 So. 479; Vaughn v. Dwight Mfg. Co., 206 Ala. 552, 91 So. 77; Tennessee Mill & Feed Co. v. Giles, 211 Ala. 44, 99 So. 84; Ruffin Coal & Transfer Co. v. Rich, 214 Ala. 622, 108 So. 600; Alabama Power Co. v. Elmore, 222 Ala. 6, 130 So. 413; Decatur L., P. & Fuel Co. v. Newsom, 179 Ala. 127, 59 So. 615.

█ The plaintiff examined two or more eyewitnesses to the occurrence, while the defendant offered no evidence, relying upon the plaintiff's own evidence to support its plea of contributory negligence. The trial court, at first, was of the opinion that the evidence conclusively established that the plaintiff was, as a matter of law, guilty of such contributory negligence as barred his right of recovery and instructed the jury to return a verdict for defendant.

It therefore becomes necessary for us to state the tendencies of the evidence in the most favorable aspects to plaintiff on the issue of contributory negligence.

█ There was evidence in the case, given by plaintiff himself, from which the jury might have inferred that the plaintiff stopped his truck 35 feet from the defendant's railroad crossing, and looked and listened for approaching trains; that from said point plaintiff's view of the track was unobstructed, and he could see up and down it a distance of 500 feet; that he neither saw nor heard a train approaching; that plaintiff then put his car in gear and motion, and started to cross the tracks; that his truck was less than 10 feet of the track when he became aware for the first time the defendant's train was approaching the crossing; that, when he stopped the truck, the motor and cab were on the track: that the train was then about 250 feet away; that it was running at a speed of approximately 60 or 70 miles per hour, or approximately 90 feet per second; that plaintiff, immediately upon becoming aware of the approaching train, stopped his truck and jumped out, receiving in falling upon the ground the injuries catalogued in his complaint. The truck was completely demolished.

There was evidence further tending to show that the accident occurred between 5:15 and 5:30 p. m. on October 25th, and that it was then "dusk dark"; that the bell on the engine was not ringing, nor had the whistle been blown for the crossing, and, further, there was no headlight burning or visible on the locomotive.

It was also open to the jury to find from the evidence that the train did not reach a point 500 feet from the crossing until about five and a half seconds before the accident occurred. The track was straight for a long distance on either side of the crossing, and there were no obstructions, and nothing to prevent one from seeing the approaching train, except darkness prevailing at the hour of the occurrence, and the fact that the locomotive was running without a burning headlight.

Under the above-stated tendencies of the evidence it cannot be affirmed, as a matter of law, that the plaintiff was guilty of contributory negligence barring recovery. The issues—both as to the negligence of the defendant and contributory negligence on the part of plaintiff—should have been submitted to the jury under proper instructions of the court. Authorities supra; American Ry. Express Co. v. Henderson, 214 Ala. 268, 107 So. 746; Brown v. Mobile Electric Co., 207 Ala. 61, 91 So. 802.

Conceding that the plaintiff should have again stopped, looked, and listened before attempting to cross the tracks, it was a question for the jury as to whether or not such failure was the proximate cause of his injury. In view of the great speed at which the train was moving, the darkness then prevailing, and the evidence tending to show no visible headlight, it was open to the jury to find that the plaintiff could not have discovered the approach of the train in time to have averted the accident. Central of Georgia Railway Co. v. Hyatt, 151 Ala. 355, 43 So. 867.

Inasmuch as the evidence did not warrant the general charge for the defendant on either issue, the court erred in so instructing the jury. The court was therefore justified in setting aside the verdict and granting the plaintiff a new trial.

It follows, therefore, that the judgment appealed from is due to be, and is, affirmed.

■ We have not discussed the question of a possible variance between the pleading and proof, as no such question has been here argued, and no question of variance was raised in the court below.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.