67 So.2d 898

**WILSON & CO., Inc. v. CLARK.**

4 Div. 736.

Supreme Court of Alabama.

Nov. 5, 1953.

T. E. Buntin, Dothan and Ball & Ball, Montgomery, for appellant.

620

J. Hubert Farmer, Dothan, for appellee.

LAWSON, Justice.

This suit was filed in the circuit court of Houston County by Jack Clark against Wilson & Company, Inc., a corporation, to recover damages for the breach of an alleged cattle feeding contract.

At the conclusion of the evidence the trial court gave the general affirmative charge with hypothesis in favor of defendant, said charge having been requested by defendant in writing. Verdict and judgment in favor of defendant followed the giving of said charge.

On motion of plaintiff duly filed, the trial court entered a judgment setting aside the verdict of the jury and judgment thereon and granting to plaintiff a new trial. From that judgment the defendant has appealed to this court.

We think it is apparent from the record that the judgment appealed from was entered because the trial court concluded that it was in error in giving the general affirmative charge in favor of defendant.

The question here is, Was the defendant, under the evidence presented, entitled to the general affirmative charge with hypothesis?

In considering that question, we must review the tendencies of the evidence most favorable to plaintiff, regardless of any view we may have as to the weight of evidence and must follow such reasonable inferences as the jury was free to draw, not inferences which we may think the more probable. Duke v. Gaines, 224 Ala. 519, 140 So. 600; Tyler v. Drennen, 255 Ala. 377, 51 So.2d 516; Carraway Methodist Hospital v. Pitts, 256 Ala. 665, 57 So. 2d 96; Hamilton v. Browning, 257 Ala. 72, 57 So.2d 530. See Alabama Great Southern R. Co. v. Robbins, 233 Ala. 499, 172 So. 630, where this rule was applied in a case such as this where the defendant had appealed from a judgment granting plaintiff's motion for new trial on the ground that on the main trial the general affirmative charge had been incorrectly given for the defendant.

The plaintiff is a farmer who lives a few miles from the city of Hartford in Geneva County. He had about one hundred acres in pasture. The defendant corporation is engaged in the meat packing business and for a number of years maintained and operated a plant at Dothan in Houston County, not far distant from plaintiff's farm. The defendant bought cattle at its plant and from cattle raisers at their farms.

Defendant for some time prior to this controversy had been entering into contracts with neighboring farmers whereby some of the cattle which it purchased would be placed in the pastures of the farmers for grazing and feeding. Under the terms of these contracts the farmers would be paid a stipulated sum for each pound gained by each head of cattle.

According to the testimony of the defendant's manager at Dothan and of other of its personnel, such contracts were always in writing and had to be executed by company officials in Chicago, the local employee's authority being limited to the making of recommendations to the Chicago officials. Those persons also testified that defendant corporation did not call on the farmers relative to such contracts until the farmer had made it known that he was interested in having some of defendant's cattle put on his pasture.

Clark Rudder was the Livestock Service Director of defendant's Dothan plant. There is evidence from which the jury could have reasonably inferred that Rudder was in charge of defendant's program of fattening cattle after purchase and before processing.

The testimony of the plaintiff, Clark, as it bears on the making of the contract with defendant, is substantially as follows:

In the early part of February 1952, without any request from plaintiff, Rudder and a man whom Rudder represented to plaintiff to be working for Wilson & Company out of Fort Worth, Texas, came to see plaintiff at his farm. Rudder told plaintiff that the man with him was assisting him in locating pastures on which to place stock and that they had come to look at plaintiff's pasture. The three men, plaintiff, Rudder and the man from Texas, then went over plaintiff's pasture. After looking at the pasture, Rudder told plaintiff that by April 15, 1952, his pasture would take care of fifty head of cattle. Rudder told plaintiff, "I am working for the Wilson & Company plant and whatever I say goes," and that fifty head of cattle would be placed on plaintiff's pasture by April 1st or April 15, 1952. Rudder told plaintiff, Clark, that if he said that Clark would get the cows he would get them. Plaintiff agreed to receive fifty cows at that time and to accept as compensation 13 cents for each pound of weight gained by the cows until removed from the pasture.

Shortly after April 1, 1952, plaintiff called at defendant's plant in Dothan, where he made it known that he was awaiting the arrival of the fifty head of cattle at his farm. On or about April 10, 1952, plaintiff received the following letter:

"Wilson & Co.
Inc.
Packers and Provisioners
Montgomery Highway, Dothan, Alabama

"Mr. Jack Clark
Rt. 1
Hartford, Ala.

"Dear Mr. Clark: Due to the fact that we know very little about grassing cattle on Bermuda grass, we have decided not to place any on this type pasture except where the cattle will receive a minimum of 6# of grain per day. We are sorry that we cannot furnish you the cattle that you requested.

"Sincerely yours,
/s/ Clark Rudder
Clark Rudder
Livestock Service Div.
/s/ fb

"CR:fb"

The defendants never placed any cattle on plaintiff's pasture. Hence this suit.

Clark Rudder and one V. W. Harvey, a cattle buyer for defendant, testified on behalf of defendant. Their testimony is in substance as hereafter set out.

They went to plaintiff's farm on February 28, 1952, at plaintiff's request and

looked over his pasture. After doing so, they returned to plaintiff's home and sat in a "company car" with plaintiff and discussed the possibility of placing cows on the pasture they had seen. They told plaintiff they would not put any cattle on pasture that was not fertilized, but that after plaintiff put fertilizer on the pasture and the grass began to grow, they would come back for another inspection and at that time they would be in a position to make a recommendation. They had no authority to enter into a feeding contract with plaintiff and they made no promise to plaintiff that cattle belonging to defendant would be placed on his farm. On or about April 4, 1952, Rudder returned to plaintiff's farm and in the absence of plaintiff inspected the pasture. It did not appear to have been fertilized. The letter of April 10, 1952, set out above was thereafter written by Rudder to plaintiff.

Defendant below, appellant here, contends that the general affirmative charge was properly given in its favor for two reasons: (1) There was no evidence sufficient to support a finding by the jury that Rudder had the authority to make a cattle feeding contract; (2) the plaintiff failed to prove damages capable of reasonable ascertainment. We will limit our review here to these two propositions.

The declarations made by Rudder as testified to by plaintiff were to the effect that Rudder had the authority to make a cattle feeding contract.

But it is said that the authority of an agent cannot be proved by alleged statements or declarations of the agent.

The general rule of evidence is that agency cannot be proven by the declarations of the agent, though his declarations as to other matters on certain occasions may be admissible to prove other facts. Corona Coal & Iron Co. v. Callahan, 202 Ala. 649, 81 So. 591.

There are some authorities to the effect that declarations of the agent are never admissible to prove the agency. This rule, however, is not adhered to in all its strictness by the more recent decisions of this court.

■ The rule is that acts and declarations of one whose agency is the subject of inquiry, though incompetent when there is no other evidence of agency or of ratification, become competent for consideration in determining both the fact of agency and the scope of authority originally given, when shown in connection with other evidence of agency. Christian Benevolent Burial Ass'n, Inc., v. Huff, 241 Ala. 119, 1 So.2d 390; Warren Webster & Co. v. Zac Smith Stationery Co., 222 Ala. 41, 130 So. 545; Corona Coal & Iron Co. v. Callahan, supra; Dothan Grocery Co. v. Pilcher, 200 Ala. 151, 75 So. 899; Roberts & Sons v. Williams, 198 Ala. 290, 73 So. 502; Miller-Brent Lumber Co. v. Stewart, 166 Ala. 657, 51 So. 943; Birmingham Mineral R. Co. v. Tennessee Coal, Iron & R. Co., 127 Ala. 137, 28 So. 679; Gibson v. Snow Hardware Co., 94 Ala. 346, 10 So. 304.

It was admitted that at the time Rudder went to plaintiff's farm he was in defendant's employ. There are tendencies of the evidence going to show that Rudder was in charge of the defendant's cattle feeding program in the Dothan area, which program included the placing of defendant's cattle on the pastures of farmers. There is evidence to the effect that after plaintiff made it known that he would like to have some of defendant's cattle placed on his farm, it was Rudder who contacted plaintiff on behalf of defendant.

■ These facts tending to show Rudder's agency and authority independent of his declarations, when considered in connection with such declarations, presented a question for jury decision as to Rudder's authority to make a cattle feeding contract for defendant.

There is clearly no merit in appellant's assertion that it was entitled to the general affirmative charge on the ground that plaintiff failed to prove damages capable of reasonable ascertainment.

■ Conceding, without deciding, that plaintiff did fail to prove actual damages, that is, loss of profits capable of reasonable ascertainment, it would not follow that defendant should have been given the general affirmative charge. If the jury found from

the evidence that there was such a contract as claimed by plaintiff and that Rudder had authority to make such a contract for defendant, then plaintiff would at least have been entitled to recover nominal damages, for it is without dispute that no cattle were put on his pasture. Treadwell v. Tillis, 108 Ala. 262, 18 So. 886; Adams v. Robinson, 65 Ala. 586; Trustees of Howard College v. Turner, 71 Ala. 429. See Gooden v. Moses, 99 Ala. 230, 13 So. 765; Drum v. Harrison, 83 Ala. 384, 3 So. 715; Walker County v. Davis, 221 Ala. 195, 128 So. 144, and cases cited.

Inasmuch as the evidence did not warrant the general charge for the defendant, the court erred in so instructing the jury. The court was therefore justified in setting aside the verdict and judgment and granting plaintiff a new trial.

It follows, therefore, that the judgment appealed from is due to be and is affirmed.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.