90 So.2d 238

**C. Bryan REDMOND, d/b/a Redmond Motors,**

**v.**

**Ruby SELF.**

**6 Div. 724.**

Supreme Court of Alabama.

Nov. 1, 1956.

See also post, p. 166, 90 So.2d 243.

Bowers, Dixon, Dunn & McDowell and
Evans Dunn, Birmingham, for appellant.

Gibson, Hewitt & Gibson, Birmingham, for appellee.

LAWSON, Justice.

This appeal is from a judgment rendered in an action against appellant, C. Bryan Redmond, doing business as Redmond Motors, hereafter referred to sometimes as Redmond, to recover damages for personal injuries sustained by appellee when the car in which she was riding was hit by a car belonging to Redmond which was being driven by one Terrell G. Mills.

The cause went to the jury on appellee's Count A as amended, which the reporter will set out in the statement of the case, and on Redmond's plea of the general issue in short by consent in the usual form. There

was jury verdict in favor of appellee in the amount of $2,000. Judgment was in accord with the verdict. Redmond's motion for new trial being overruled, he perfected this appeal.

The only errors assigned are to the effect that the trial court erred (1) in refusing to give the general affirmative charge with hypothesis in favor of appellant, the defendant below, and (2) in overruling appellant's motion for a new trial.

■ In considering the propriety of the affirmative charge in this case, we must review the tendencies of the evidence in the light most favorable to the plaintiff below, the appellee here, and must allow such reasonable inferences as the jury were free to draw, not inferences which we may think the more proper. Lindsey v. Barton, 260 Ala. 419, 70 So.2d 633; Wilson & Co. v. Clark, 259 Ala. 619, 67 So.2d 898; Duke v. Gaines, 224 Ala. 519, 140 So. 600.

The evidence establishes without any contradiction in the testimony relative thereto facts summarized as follows: The appellant on May 10, 1952, was engaged in the business of selling new and used automobiles in the city of Knoxville, Tennessee, and on said date had in his employment as a car salesman the said Terrell G. Mills, who was originally a defendant in this cause but was removed as a party defendant by the plaintiff below apparently because of lack of service. Shortly after 9:00 on the morning of May 10, 1952, Mills drove a 1951 Studebaker belonging to Redmond away from the latter's used car lot situate in the city of Knoxville, Tennessee. Neither Redmond nor the used car manager was aware of this action on the part of Mills, although a fellow employee saw him leaving. Mills drove the Studebaker to Birmingham, Alabama, where at about 2:30 on the afternoon of the same day he drove the car into the rear of a car which was occupied by the appellee, Mrs. Ruby Self, who was sitting on the front seat along with the driver, her husband, who was the owner of that car. At the time of the impact the Self automobile had stopped in compliance with a traffic signal at an intersection of two streets in the city of Birmingham. At the time of the collision Mills was under the influence of an intoxicating liquor or beverage. Mrs. Self was rather severely injured as a result of the collision of the two automobiles, but it is not necessary to make specific reference to the nature of her injuries, inasmuch as no question is raised as to the amount of the damages.

The evidence summarized above establishes beyond peradventure that the injuries sustained by Mrs. Self were a proximate consequence of the negligence of Mills. But it is equally well established that at the time of the collision Mills was not acting within the line and scope of his employment and for that matter, the plaintiff's theory of liability is not based on the doctrine of respondeat superior.

The theory on which recovery was sought is that the appellant, Redmond, negligently entrusted the automobile to Mills, an incompetent driver who was addicted to the use of intoxicating liquors or beverages, although the appellant knew Mills to be an incompetent driver and knew that he was addicted to the use of intoxicating liquors or beverages.

■ Our case of McGowin v. Howard, 251 Ala. 204, 36 So.2d 323, declares the applicable principles of law which govern cases of this character, the effect of which holding is that an owner entrusting a motor vehicle to a known incompetent, reckless or careless driver (1) is liable to a person injured by the combined negligence of the owner and operator if the operator is acting within the scope of the owner's consent and (2) is also liable notwithstanding the driver's use was beyond the scope of the owner's consent, if the owner's permission to the incompetent or reckless driver was with knowledge that the operator would likely use the vehicle beyond the scope of the owner's consent, if the letting of such vehicle was a proxi-

mate contributing cause of the injuries directly resulting from the incompetence or recklessness of the driver. See Buchanan Contracting Co. v. Denson, 254 Ala. 55, 47 So.2d 171.

■ The appellant insists that the general charge was due him because there is an entire lack of evidence to prove (1) that he entrusted the automobile to Mills; (2) that Mills was addicted to the use of intoxicating liquors or beverages; and (3) that he, Redmond, knew of such addiction, if such was the case.

In view of the averments of the complaint on which this case went to the jury, we are of the opinion that if there is a failure of proof in either of those respects, then the affirmative charge should have been given in favor of the appellant as requested.

Mills was first employed by Redmond early in March, 1952, as a new and used car salesman and was authorized by Redmond to drive the latter's automobiles for demonstration purposes, but for no other purpose, this according to Redmond's testimony. But irrespective of that restriction on the use of his employer's automobiles, Mills on or about April 1, 1952, drove a Redmond automobile to the town of Clinton, Tennessee, approximately twenty miles away from Knoxville, where he was arrested on a charge of driving while intoxicated. The trip to Clinton was not on company business. Because of this episode Mills was fired but was reemployed by Redmond three or four days thereafter, with the understanding, according to Redmond, that Mills could not drive a Redmond-owned automobile from the place of business without instructions from the used car manager. As heretofore indicated, on the day of the accident here involved, Mills had no such instructions from the used car manager or anyone else in authority. W. W. Self, the husband of appellee, plaintiff below, testified that in a conversation which he had with Redmond several months after the accident the latter

stated that after Mills was reemployed he had access to the automobiles like other salesmen. We are of the opinion that the evidence is sufficient to justify a finding by the jury that when Redmond reemployed Mills he was chargeable with knowledge that Mills would likely use automobiles beyond the scope of Redmond's consent and contrary to his instructions, just as he had done on the trip to Clinton. We hold, therefore, that a jury question was presented as to whether the automobile was "entrusted" to Mills on the occasion here involved.

We think the evidence sufficient to support a finding by the jury that Mills was addicted to the use of intoxicating liquors or beverages and that Redmond had knowledge of that addiction.

■ It is true that the evidence does show but two specific instances when Mills was drunk, one on the Clinton trip and the other on the visit to Birmingham which resulted in this litigation. Of course, the Birmingham incident cannot be considered in connection with the charge that Redmond knew of Mills' addiction and nevertheless entrusted the automobile to him. But that instance is to be considered as going to show Mills' addiction as charged in connection with the evidence concerning his drunkenness in Clinton and the testimony of Mr. Self, the appellee's husband, that Redmond told him in Knoxville some time after the accident that before May 10, 1952, he knew that Mills was a "drunkard" but that he was a good salesman except for his drinking and had conducted himself properly during the time that intervened between the Clinton trip and the Birmingham trip. Declarations or admissions of parties to a civil cause against interest are admissible against them when made in or out of court. Waller v. Simpson, 208 Ala. 333, 94 So. 343.

Redmond did not expressly deny making the statement attributed to him by Mr. Self, but he did testify that prior to the

**160**

accident in Birmingham he had never heard of Mills "being drunk or drinking except on that one occasion in Clinton."

In our opinion, as we have heretofore indicated, the evidence was sufficient to justify a finding by the jury that Mills was, to the knowledge of defendant, a drunkard, that is he was addicted to the use of alcoholic liquors or beverages.

We feel that the evidence is sufficient to justify an inference that Redmond should have anticipated that Mills, when rehired as a salesman after his arrest in Clinton for drunken driving, would again go beyond the scope of Redmond's consent.

We think on the whole case the jury was authorized to find, as it did, that the joint negligence of Redmond and Mills caused the accident of which appellee complains.

We consider next whether the trial court erred in overruling those grounds of the motion for new trial which take the point that the verdict was contrary to the great weight of the evidence, for it is those grounds which are sufficiently argued in brief to warrant consideration here.

 We have said that where there is evidence which, if believed, justified the verdict, the motion for new trial is properly overruled. Johnson v. Louisville & N. R. Co., 240 Ala. 219, 198 So. 350. Verdicts are presumed to be correct and no ground of new trial is more carefully scrutinized or more rigidly limited than that the verdict is against the evidence. Cobb v. Malone, 92 Ala. 630, 9 So. 738. It is recognized by this court that when the presiding judge refuses, as here, to grant a new trial, the presumption in favor of the correctness of the verdict is strengthened. Bell v. Nichols, 245 Ala. 274, 16 So.2d 799; Hamilton v. Browning, 257 Ala. 72, 57 So.2d 530.

After allowing all reasonable presumptions in favor of the correctness of the verdict, we cannot say that the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust. Cobb v. Malone, supra. In thus upholding the action of the trial court in refusing the defendant's motion for a new trial, we do not wish to be understood as expressing the view that a verdict should be upheld in a case of this kind where the only evidence tending to show the alleged incompetence of the driver is an admission against interest alleged to have been made by the owner. However, that statement, together with the other evidence, leads us to the conclusion that we would not be justified in disturbing the verdict in this case.

The judgment of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and STAKELY and SPANN, JJ., concur.