211 So.2d 157

**BOB WHITE CHEVROLET, INC.**

v.

**Ruby HAYLES.**

**1 Div. 300.**

Court of Appeals of Alabama.

May 21, 1968.

Owens & Patton, Bay Minette, for appellant.

C. LeNoir Thompson, Bay Minette, for appellee.

JOHNSON, Judge.

Mrs. Ruby Hayles purchased on May 10, 1965, a 1961 Pontiac automobile from Bob White Chevrolet, Inc., which automobile was covered by a "Quality OK Used Car Dealer Warranty" which reads in pertinent part as follows:

"1. Subject to the provisions and conditions hereinafter set forth, the Dealer warrants that the Vehicle has been inspected, road-tested and reconditioned as necessary to be in serviceable condition at the time of sale, and, in the event of mechanical failure of the Vehicle, the Dealer agrees as follows:

"a) For a period of 30 days beginning 10 May, 1965, the Dealer will pay 50% of the parts and labor repair bills, with the exceptions noted below, necessary to keep the Vehicle in serviceable condition under normal use, provided that the repairs are taken care of in the Dealer's shop at the Dealer's regular retail price, that the remaining 50% is paid in cash by the Purchaser, and that such repairs do not qualify for adjustment under any new vehicle warranty applicable to the vehicle.

\*　　\*　　\*　　\*　　\*　　\*

"4. This Warranty is expressly in lieu of any other warranties, expressed or implied, including any implied warranty of merchantability or fitness for a particular purpose, and any other obligations or liabilities on the Dealer's part, and Dealer neither assumes nor authorizes any other person to assume for it any other liability in connection with the sale of the Vehicle."

Mr. Wesley Hayles, husband of the appellee (plaintiff below), testified that while driving the automobile in question immediately following its purchase, the car began to "run hot and started smoking." He then testified as follows:

"Q. Did you bring it back?

"A. Yes sir.

"Q. What happened?

"A. He checked it and put another radiator cap on it and I left again.

"Q. What happened?

"A. The same thing except much sooner and by that time it was smoking and we pulled it behind Hinote's Filling Station and we had to put water in it plus three quarts of oil and I went back to Lonnie James and I said: 'That motor is all to pieces, drinking three quarts of oil from here to my home and back to the Station' and he said: 'That is because it got hot; go ahead and we will make it all right if there is anything wrong with the motor.'

"Q. Did you take it back to the Chevrolet place after that?

"A. Yes sir, after I talked to Lonnie I went home and it was too hot and I called Lonnie, it would not show oil on the stick, and Lonnie said: 'Get it back down here' and I filled it with oil and water and brought it back. \* \* \*"

Hayles then testified that three days later he called the appellant motor company and was told that all that was wrong with the car was the radiator and that it had been repaired. He drove the car home again and the "same thing happened before I got home—out of oil and running hot." He called the appellant company again and was told to "drive it and make out with it and we will get a mechanic and do what is right." Several days later as the car was

being driven, a block rolled under it and broke the oil line. The car was towed back to appellant's garage where it then remained.

Appellee then brought suit against appellant in the Circuit Court of Baldwin County. The complaint contained three counts, each substantially tracking a code form: Count 1, for breach of warranty, Tit. 7, Sec. 223 (24); Count 2, for deceit, Tit. 7, Sec. 223 (21); Count 3, for recovery of chattels in specie, Tit. 7, Sec. 223(27). The jury returned a general verdict in favor of the plaintiff and assessed the damages at $565.00. Its motion for a new trial being denied, appellant now appeals.

The overruling of defendant's demurrer to the complaint and to each count thereof is the basis of appellant's Assignments of Error 1–3.

Count 3 in the complaint is worded as follows:

"The plaintiff claims of the defendant the following personal property to-wit: Five Hundred Sixty-five ($565.00) Dollars in money with the value of the hire or use thereof during the detention from May 10, 1965."

■ This count was insufficient. Tit. 7, Sec. 223(27), supra, is for the recovery of chattels in specie. It is in essence an action of detinue, the gist of which is an action for the detention of a chattel at the time of the commencement of a suit. Webb v. Webb, 263 Ala. 607, 83 So.2d 325.

■ Detinue may be maintained for specific monies. Hicks v. Meadows, 193 Ala. 246, 69 So. 432; Spence v. McMillan, 10 Ala. 583.

However, in David v. David's Adm'r, 66 Ala. 139, the Supreme Court of Alabama stated in part as follows:

"Where specific property is sued for in an action of detinue, brought under the statute, the rule as to description is somewhat stricter than in trespass or trover, where damages only are recoverable. * * *"

In that case the court held that a court held that a count in the complaint claiming merely "bonds to the amount of $2,100, issued by the County of Wilson, State of Tennessee, and known as Wilson County bonds" was too indefinite. The court stated that these words of description were insufficiently certain. See also Cooper v. Watson, 73 Ala. 252.

■■ In the case at bar, Count 3 states "Five Hundred Sixty five ($565.00) Dollars in money" with no further description. These words are insufficient to describe the particular monies in question. To sufficiently state a cause of action in detinue for monies, the description must be such as to specifically identify the exact coins or currency in question. Merely setting out the amount sought is not sufficient. There must be some other element of identification.

■ Counts numbered 1 and 2 sufficiently stated a cause of action. Treadwell Ford, Inc. v. Leek, 272 Ala. 544, 133 So.2d 24; Carr-White Truck Co. v. Southern Concrete & Supply Co., 280 Ala. 405, 194 So.2d 561. Therefore, the trial court's overruling the demurrer was error without injury since the proof was admissible under the issues presented in Counts 1 and 2. Hartford Accident & Indemnity Co. v. Cosby, 277 Ala. 596, 173 So.2d 585.

■ Appellant argues in brief that the remedy set out in the warranty was the exclusive remedy of appellee and that as appellee did not allege in Count 1 that the defendant had breached or refused to perform its obligation under the warranty, the demurrer as to Count 1 should have been sustained.

We do not agree. Count 1 of the complaint as worded properly put the issue of defendant's performance before the jury. General Motors Corp. v. Earnest, 279 Ala. 299, 184 So.2d 811; Becker Roofing Co. v. Carroll, 37 Ala.App. 385, 69 So.2d 295.

Assignments of Error 4–7 are for the court's failure to give charges Nos. 3, 4, 5 and 6. These charges read as follows:

"3. I charge you Gentlemen of the Jury that if you believe the evidence presented in this case, you must find for the Defendant under Counts I and III of the complaint.

"4. I charge you Gentlemen of the Jury that if you believe the evidence presented in this case, you must find for the Defendant under Count I of the complaint.

"5. I charge you Gentlemen of the Jury that if you believe the evidence presented in this case, you must find for the Defendant under Count II of the complaint.

"6. I charge you Gentlemen of the Jury that if you believe the evidence presented in this case, you must find for the Defendant under Count III of the complaint."

These charges were properly refused as they are not in proper form. The directive language should have been, "You cannot find for the Plaintiff under Count III".

As stated in Mobile & O. R. Co. v. George, 94 Ala. 199, 10 So. 145:

"While some of the charges, such as 1, 3, and 4, assert correct legal propositions, they conclude with a direction to 'return a verdict in favor of defendant' under the special and separate count in reference to which they are framed. The complaint, as amended contains six counts, as to each of which a similar charge was separately asked. Had there been but one count, or, being several, had the charge upon the effect of the evidence applied to the whole complaint, there could be no objection to such conclusion of the charge, but, when there are two or more counts, the phraseology is subject to criticism. It is calculated to impress the jury with the idea that a separate verdict must be returned as to each count, though under some they may find for the plaintiff. Its tendency is to mislead or confuse, and requires explanation."

See General Finance Corp. v. Bradwell, 279 Ala. 437, 186 So.2d 150.

Assignment of Error No. 8 was predicated on the court's refusal to give the general affirmative charge. There was no error for the court to refuse such charge. T. R. Miller Mill Co. v. Ralls, 280 Ala. 253, 192 So.2d 706.

Assignment of Error No. 9 was for the court's overruling defendant's motion for a new trial. In his brief, under Assignment of Error No. 9, appellant resubmitted those arguments made under Assignments of Error Nos. 5, 6 and 7 which have been dealt with hereinabove.

For the foregoing reasons, the judgment in this cause is due to be and the same is hereby

Affirmed.