228 So.2d 9

**HERCULES INCORPORATED**

v.

**H. A. JONES, Jr. et al.**

**3 Div. 346.**

Supreme Court of Alabama.

Sept. 18, 1969.

Rehearing Denied Nov. 13, 1969.

Edwin C. Page, Jr., Evergreen, and Jas. Simrall, Jr., Hattiesburg, Miss., for appellant.

694

J. B. Nix, Jr., Evergreen, and Windell C. Owens, Monroeville, for appellees.

PER CURIAM.

This is an appeal by the defendant, Hercules Incorporated, from a judgment rendered in the Circuit Court of Conecuh County in favor of plaintiffs in the sum of $6,624. A jury verdict for $10,624 was reduced by the trial court on motion, a remittitur of $4,000 having been ordered and accepted by the plaintiffs. The subject matter of the litigation involved an alleged trespass to land, the cutting down of trees, and the removal of stumps. All of this was alleged to have occurred in 1961. The complaint was filed in court against Hercules Powder Company and three individuals on March 10, 1962. It appears that the case was permitted to lie dormant thereafter for over four years until service was had on the corporate defendant by serving the designated statutory agent on August 29, 1966.

A plea in abatement was then filed. Demurrers were filed by plaintiffs to this plea. Thereafter on September 15, 1967, plaintiffs filed an amendment striking the three original individual defendants and changing the name of the defendant Hercules Powder Company to read Hercules Incorporated, a corporation. The same day parties filed a plea in short by consent. Also on the 15th day of September, 1967, a judgment order was signed and filed indicating a ruling by the court sustaining the demurrers to the plea in abatement. Thereafter the jury trial was commenced and completed with the verdict against the defendant for $10,624, but later reduced as indicated above.

The original complaint contained five counts, but Count Two was stricken by plaintiffs. Count One was a statutory count alleging trespass to land and destruction of timber. Count Three was based on negligence; Count Four on conversion; and Count Five claimed damages, charging a willful destruction of trees, based on Title 47, § 272, Code 1940, and seeks to recover statutory penalty of $20 per tree destroyed.

There are twenty-two assignments of error, but appellant argues only ten, and these we will now consider.

### Assignment of Error 15

Appellant contends there was error in failing to grant motion to exclude evidence of plaintiffs' witness A. E. Beasley given on direct examination as follows:

"Q: * * * Did you see the trucks and equipment that went in there?

A: I did.

Q: Did you look at those trucks—observe them?

A: I did.

Q: What did they have written on them?

A: Hercules.

Q: Do you remember what color trucks they were?

A: Gray looking to me.

Q: Do you remember what kind of lettering they had on them?

A: Black and red.

Q: Black and red letters, and those letters said 'Hercules'?

A: They did."

■ There was no objection to any of these questions. The motion to exclude was properly overruled. The marking or lettering was relevant evidence to show ownership. Appellant cites Dortch Baking Co. v. Schoel, 239 Ala. 266, 194 So. 807.

There the case was reversed because the finding by the jury "as to the fact of agency," as against the contention "that indicating that Mattison was an independent dealer and contractor" was contrary to the great weight of the evidence. There was no ruling in this case on the admissibility of the evidence that the name "Dortch" appeared on the truck. See also: Sears, Roebuck & Co. v. Hamm, 38 Ala. App. 258, 81 So.2d 915; Barber Pure Milk Co. v. Holmes, 264 Ala. 45, 84 So.2d 345.

### Assignment of Error 16

■ On direct examination, plaintiff H. A. Jones was asked: "You testified * * that some man whose name was Karl or Kohn came to see you on Saturday morning after you got home and found out your twenty acres had been cut and I am going to ask you now—how did he identify himself there?" There was objection, which was overruled, and an exception reserved. The witness answered: "* * * as W. H. Karl as wood supervisor of Hercules Powder." There was a motion to exclude and this was overruled and an exception reserved. Appellant contends that this violates the rule that the "declaration or conduct of one professing to act as an agent of another cannot be shown without independent proof of his authority." Appellant relies on American National Insurance Co. v. Brooks, 210 Ala. 317, 97 So. 790. There the ruling was to uphold the contention that two or more unknown individuals claiming to be superintendents of an insurance company could not be quoted by plaintiff, "They said they came to pay me off, * * *." The opinion upheld the rule that: "* * * the declarations of conduct of one professing to act as the agent of another cannot be received as evidence against the principal without independent proof of his authority."

We note the question here put to the witness dealt only with his "identifying himself" rather than with the merits of the controversy. These questions did come later and were answered without objection.

Appellees cite Wilson & Co. v. Clark, 259 Ala. 619, 67 So.2d 898. There one Rudder told plaintiff, "I am working for the Wilson & Company plant and whatever I say goes." The question to be decided was: Did Rudder have the authority to make a cattle feeding contract? The court observed:

"The general rule of evidence is that agency cannot be proven by the declarations of the agent, though his declarations as to other matters on certain occasions may be admissible to prove other facts   Corona Coal & Iron Co. v. Callahan, 202 Ala. 649, 81 So. 591.

"There are some authorities to the effect that declarations of the agent are never admissible to prove the agency. This rule, however, is not adhered to in all its strictness by the *more recent decisions of this court*." (Emphasis supplied)—259 Ala. 622, 67 So.2d 901.

We hold that the ruling of the court was without error.

Later on, the same question was put to the witness, who answered without objection that "he identified himself as the field representative for Hercules Powder." This was repetition and we again assert, for reasons above indicated, the ruling was without error.

### Assignment of Error 21

This assignment relates to the ruling of the court on direct examination of plaintiff H. A. Jones, as follows:

"Q: I will ask you if you had any conversation there with this gentleman about why they went over on your land?

MR. PAGE: We object.

THE COURT: Overrule your objection.

MR. PAGE: We except."

The question was repeated and the witness answered:

"I asked him if he didn't know whose property that he was on and he said, 'we have an aerial map', and I said, 'Well, didn't you know—couldn't you tell when you got to this fence?', and he said, 'we went over the fence', and I said, 'I know you did'."

Several questions and answers followed with no objections until there was a motion to exclude, raised in Assignment 17 (later).

■ It would appear that the objection in no way indicated to the court the basis of the objection. The answer did not involve the corporate defendant certainly at this time. We feel the answers to the other questions, to which no objection was interposed, brought out in detail other evidence of similar activity. We hold there was no error in the court's ruling.

### Assignment of Error 17

This assignment is related to Assignment 21 in that they both allege error in admitting or failing to exclude testimony dealing with statements by an alleged agent as proof of his authority before there was independent proof of the existence of a relationship. We first note there was no objection to the question. For the reasons given in our ruling on Assignment of Error 21, we hold there was no error in the court's ruling as assigned herein.

### Assignment of Error 22

■ E. L. Gardner, a witness for the defendant, testified that he had visited the land of plaintiffs on August 31, 1967 (just before the trial). On cross examination, he was asked if he had permission to go on the land. The witness was allowed to answer over objection of appellant and it here assigned this ruling as error. The witness answered that he did not have permission. This was fully within the realm of cross examination. Plaintiffs had the right to develop the circumstances of this inspection to include when, how and wheth-

er he had permission from the owners. There was no error in this ruling.

### Assignment of Error 10

■ Defendant requested the following written charge: "B. The Court charges the jury that the penalty as claimed in the complaint is without reference to actual injuries and is aimed only at an intentional wrong doer." This charge was refused by the trial court and we hold without error. Although appellant contends it was requested "under Count Five of the complaint," there is nothing in the charge to indicate any limitation. Since it completely ignores issues presented in the other counts, it was properly refused.—Self v. Baker, 266 Ala. 572, 98 So.2d 10; Johnson v. Coker, 281 Ala. 14, 198 So.2d 299. We also call attention to the extended oral charge of the court on Count Five with no exceptions by appellant.

### Assignment of Error 13

This assignment is based on the action of the court in refusing to give the defendant a directed verdict at the time plaintiffs rested. The record shows, on page 62, as follows:

"THE COURT: Let the record show that at the conclusion of the Plaintiff's case, the Defendant moved for the general affirmative charge on the grounds that the case was insufficient as a matter of law to be submitted to the jury on the question or not of agency and *respondeat superior* and the Court having heard arguments for and against said motion for the general affirmative charge and the formal consideration thereof, declined to give the general affirmative charge in favor of the Defendant."

■ There was evidence that the trucks which were seen on the property at the time it is alleged the trespass was committed had the name "Hercules" on them. This, with the loading and carrying off of

wood by the trucks, the appearance the next day of the witness Karl and an attempt by this individual to buy the wood, required the submission of the case to the jury and we hold the overruling of the motion was without error.

In treating this assignment as we have, we do not want to be understood as holding that it is ever reversible error on the part of the trial court to overrule an oral motion for a directed verdict or the general affirmative charge. See Shirley v. Shirley, 261 Ala. 100, 73 So.2d 77.

■ Under this assignment, appellant attempts to include Assignment of Error 30 (there is no such numbered assignment), and also calls attention to Assignment of Error 1 (ruling on motion for a new trial). Thereafter, the argument of Assignment 1 concludes with an assertion of error in the failure of the trial court to grant the motion for new trial. There is insufficient argument in support of this ground and for this reason we will not consider it.—Romano v. Thrower, 261 Ala. 361, 74 So.2d 235. Moreover, the appellant elected to argue Assignments of Error 13 and 1 "in bulk." They are not related. Since we have held Assignment of Error 13 to be inefficacious, Assignment of Error 1 could not work a reversal, even if it was meritorious.—Piper Ice Cream Co. v. Midwest Dairy Products Corp., 279 Ala. 471, 187 So. 2d 228.

### Assignment of Error 7

In this assignment of error appellant contends error in the refusal of the general affirmative charge under Count Five of the complaint and refers in brief to transcript pages 4, 96-97. Defendant requested and the court refused four unnumbered general charges relating to Count Five. Each count is worded differently— two without hypothesis and two based on a belief of the evidence. Any charge based on a belief of evidence may be refused without error.—Davis v. Wingard, 269 Ala. 535, 114 So.2d 450.

Assuming, as we must, that the appellant seeks under this assignment to review the refusal of the four written charges, then if any one of them is properly refused the assignment of error fails as to all. There was no error under this assignment.

### Assignments of Error 4 and 5

We here quote these two assignments of error:

"4. The Lower Court erred in failing to rule on the motion for a new trial that a judgment in the sum of $6,624.00 was so excessive as to shock the conscience of the Court.

"5. The Lower Court erred in refusing to declare that a judgment in the sum of $6,624.00 was so excessive as to show it was the result of bias and prejudice by the jury towards the defendant."

Both of these assignments are based on negative rulings and stem from certain grounds set forth in the motion for new trial. We doubt the sufficiency of the assignments, because at the time the motion was submitted and later ruled on by the trial court, the net figure (after remittitur) of $6,624 did not exist. At the same time when ordering the remittitur and on October 30, 1967, the court overruled the motion in all other respects.

■ We have heretofore upheld the court in submitting the case to the jury. There was in our opinion substantial evidence that, if believed by the jury, justified a finding for the plaintiffs. The evidence of the injury and damage was fully presented during the trial. On motion for new trial the court required a remittitur of $4,000 and overruled the motion. This gives rise to a favorable presumption as to the correctness of the amount of the judgment in the sum finally awarded.—Airheart v. Green, 267 Ala. 689, 104 So.2d 687.

We find no error in the record requiring a reversal and accordingly the cause is due to be affirmed.

The above opinion was prepared by J. Edgar Bowron, Supernumerary Circuit Judge, and is adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, MERRILL and HARWOOD, JJ., concur.

### On Rehearing

PER CURIAM.

The following is substituted for our discussion of Assignment of Error 7 in the original opinion.

### Assignment of Error 7

■ Appellant here charges error in the refusal of the general affirmative charge under Count Five of the complaint. Defendant requested and the court refused four unnumbered general charges relating to Count Five:

"The Court charges the jury that under the evidence in this case, the jury should find for the defendant, under count Five of the complaint."

"The Court charges the jury that under the evidence in this case, the jury must find for the defendant, under count Five of the complaint."

"The Court charges the jury that if the jury believes the evidence, the jury must find for the defendant, under count Five of the complaint."

"The Court charges the jury that if the jury believes the evidence, the jury should find for the defendant, under count Five of the complaint."

These charges were properly refused.

Where a complaint contains several counts, special requested written charges which direct the jury if they believe the evidence they should find for the defendant on one or the other of said counts, are properly refused as being in improper form,

and misleading. Assuming that on the hypothesis stated the plaintiff was not entitled to recover, the proper form of the charges should have been that the jury should not find for the plaintiff, or should not find against the defendant, on the stated count.—General Finance Corp. v. Bradwell, 279 Ala. 437, 186 So.2d 150, and cases there cited; Bob White Chevrolet Sales, Inc. v. Hayles, 44 Ala.App. 411, 211 So.2d 157.

Opinion extended and application for rehearing overruled.

LIVINGSTON, C. J., and LAWSON, HARWOOD, MADDOX and McCALL, JJ., concur.