CARROLL, DONALD K., Chief Judge.
The appellee in a mortgage foreclosure suit has moved to dismiss the two individual appellants as parties in this appeal for the reason that the said appellants have filed in this court no appeal papers other than their joinder in appeal in the appeal filed by the corporate appellant.
In order- to determine the question posed by this motion, it is necessary for us to determine, apparently for the, first time in this state, the extent of the duty of a party who has filed a joinder in appeal to,filé-other appeal papers, such as briefs, in order to maintain their appeal. This problem is *588 compounded by the fact that the Florida Appellate Rules are silent on this question, ■other than in the matter of filing assignments of error and directions to the clerk.
!• 'The only provision of the Florida Appellate Rules directly dealing with this duty is paragraph b of Rule 3.11, 31 F.SA., reading as follows:
“b. Joinder in Appeal. If any party who is an appellee desires to join as an appellant in the appeal he shall file his joinder in appeal, within the time allowed by these rules for filing notice of appeal; and thereafter, within the time prescribed by these rules for such purposes, he may, if he desires, file such additional assignments of error and additional directions to the clerk of the lower court as he may deem necessary. Should an appeal be commenced more than 50 days after the rendition of the ■decision, judgment, decree, or order appealed from, an appellee shall be allowed ten days after being served with a copy of the notice of appeal within which to file his joinder in appeal and his assignments of error.”
As mentioned before, the two individual appellants, apparently assuming that the quoted provision sets forth the totality of their duty in perfecting their appeal, timely filed their joinder in appeal and then rested. They have filed no briefs or other appeal papers, nor have they formally adopted the briefs or other papers filed by the third, the corporate, appellant.
From the logical point of view, the question posed is a close one, for good arguments can be made on .either side of this proposition. If the said two appellants file no briefs, neither the appellee nor this court will know their exact position or their authorities supporting it. On the other hand, their failure to file briefs could be construed as an implied adoption of the position and argument presented in the corporate appellant’s briefs.
The question before us, however, cannot be determined by the application of logical principles, for this court has no authority to declare what the appellate rules ought to provide. The power to adopt rules of procedure in the courts of this state is vested exclusively in the Supreme Court of Florida by Section 3, Article V, of the State Constitution, F.S.A. In accordance therewith the Supreme Court has adopted the Florida Appellate Rules, which we can only construe and apply, as we might a statutory or constitutional provision.
In an exhaustive legal research we have found no Florida decision that is helpful in resolving the problem confronting us. We, therefore, have examined the Florida Appellate Rules in their entirety for language which might express the Supreme Court’s, intention with regard to the problem before us.
One provision of those rules, we think, throws some light on such intention. This provision, contained in paragraph a of Rule 3.11, immediately preceding paragraph b quoted earlier in this opinion, reads in pertinent part: “Any person or persons taking or joining in an appeal shall be the party or parties appellant * * Rule 3.7 subd. a, for instance, provides that “ * * * the appellant shall * * * ” file and serve copies of his brief within a certain time, a rule with which the individual appellants here have failed to comply.
Under this construction of the duty of those who file a joinder in appeal, we hold that, technically, the individual appellants in the instant appeal have failed to comply with the Florida Appellate Rules and their appeal is therefore subject to dismissal.
However, in view of the uncertainty inherent in the rules as to the said appellants’ duty, and our feeling that a litigant or lawyer could not fairly or reasonably be expected to anticipate our construction of the rules, we think that justice would be better served in this case by giving these appellants an opportunity to comply with the *589 rules, on the pain of dismissal of their appeal, either by filing and serving copies of the briefs or other appeal papers required by the Appellate Rules or at least by filing and serving a formal adoption of any or all of the briefs or papers filed in this appeal by the corporate appellant. In view of the special circumstances here, simultaneously with the filing of this opinion, this court will enter an order allowing the individual appellants fifteen days within which to accomplish such filing and service, and dismissing them as parties appellant if they fail timely to so file and serve.
It is so ordered.
STURGIS and WIGGINTON, JJ„ concur.