165 So.2d 787 (1964)
Lorna REED, as Administratrix of the Estate of John C. Reed, deceased, and Lorna Reed, as widow of John C. Reed, Deceased, Appellant,
v.
BLACK CAESAR's FORGE GOURMET RESTAURANT, INC., a Florida corporation, Glenn Starr, O. Walter Sgarrini, John Boneff, and James J. Cerniglia, III, Appellees.
No. 63-721.
District Court of Appeal of Florida. Third District.
June 16, 1964.
Rehearing Denied July 24, 1964.
Kelner & Lewis, Miami, for appellant.
Smith & Poole and James J. Kenny, Miami, for appellees.
Before BARKDULL, C.J., and TILLMAN PEARSON and HENDRY, JJ.
*788 TILLMAN PEARSON, Judge.
The appellant sues as the administratrix and as the widow of John C. Reed, deceased. She filed a complaint charging the defendants, appellees, with the wrongful death of her husband. The main thrust of the complaint is that the defendants, as the operators of a liquor-dispensing establishment, wrongfully caused the death of her husband. It is alleged the deceased became intoxicated at the establishment and thereafter defendants' servant gave to the husband the ignition keys and the possession of his car which he then operated in such a manner as to cause his own death. The complaint was dismissed by the trial court, upon defendants' motion, for failure to state a cause of action.
It appears from the complaint, which allegations must be accepted as true on this appeal, that the plaintiff's husband went to defendants' liquor-dispensing establishment on the night of May 9, 1962, at approximately 8:00 p.m. He relinquished possession of his motor vehicle and his ignition keys to defendants' servant. Thereafter, the husband patronized the bar extensively. It is alleged that he became intoxicated and that his physical and mental faculties were seriously and obviously impaired. It is urged that because of this obvious condition, there was a duty owed the intoxicated customer by the defendants to refuse to deliver his car but that, notwithstanding this duty, the defendants delivered the keys and car to him. Thereafter, between 1:00 and 3:00 a.m. on May 10, 1962, the deceased proceeded from the defendants' establishment to the shores of Biscayne Bay where he drove his vehicle into the Bay and was drowned.
Several jurisdictions of the United States have legislatively created a duty upon the operators of liquor-dispensing establishments under which an action similar to that alleged in the complaint might lie. Such legislative enactments are usually referred to as "Dram Shop Acts" or "Civil Damage Acts."[1] In the absence of such a legislative enactment in the State of Florida, it is necessary to apply the common-law rules of liability. See Ripley v. Ewell, Fla. 1952, 61 So.2d 420; 6 Fla.Jur., Common and Civil Law, § 5, nn. 19, 20.
The common law requirement is that for the act of a defendant to give rise to civil liability the act must be the proximate cause of the damage claimed by the plaintiff. Pope v. Pinkerton-Hays Lumber Co., Fla.App. 1960, 120 So.2d 227; 23 Fla.Jur., Negligence, § 27. We hold that the plaintiff did not allege a cause of action. The complaint was properly dismissed. This is true because the death of the plaintiff's husband was the result of his own negligence or his own voluntary act of rendering himself incapable of driving a car rather than the remote act of the defendant in dispensing the liquor, or delivering the ignition keys and possession of the automobile. Noonan v. Galick, 19 Conn. Supp. 308, 112 A.2d 892 (Sup.Ct. 1955).
The appellant cites cases in which a person who entrusts a dangerous instrumentality to a known incompetent has been held liable to those injured by the incompetent. Maryland v. O'Brien, 140 F. Supp. 306 (D. Md. 1956); Redmond v. Self, 265 Ala. 155, 90 So.2d 238; Sadler v. Draper, 1959, 46 Tenn. App. 1, 326 S.W.2d 148. These cases have no application to our problem because we must deal with the issue of whether or not liability should be imposed for injuries received by the alleged incompetent  the plaintiff's husband who was voluntarily intoxicated. We expressly exclude from consideration the possibility of liability by the liquor dispenser to third persons injured by an intoxicated person. We find no authority, absent legislative enactment, to extend the same protection to those who become voluntarily drunk so that a right of action arises in them because of injury caused by their own intoxication *789 as is sometimes extended to third persons who are injured by such intoxicated persons.
Appellant buttresses her claim by additional allegations which must be considered. The first of these is found in paragraphs 8 and 9 of the complaint which are as follows:
"8. At the said time, and for a long time prior thereto, the defendant BLACK CAESAR'S FORGE GOURMET RESTAURANT, INC., as an inducement to its patrons to consume alcoholic beverages at Black Caesar's Forge and as one of its regular customer services, assumed the responsibility and undertook to transport intoxicated patrons to their homes.
"9. At the said time and place the defendants then and there undertook to care for the deceased, John C. Reed, and to transport him to his home. The defendants thereby had the duty of using reasonable care in their care and transportation of the deceased, John C. Reed."
This statement is not sufficient to support a cause of action because it fails to allege more than a legal conclusion. Rudisill v. Taxicabs of Tampa, Inc., Fla.App. 1962, 147 So.2d 180. It is not stated that the deceased in any way relied upon the "regular customer service" or that he arranged or anticipated to be carried to his home at the time that he undertook his own intoxication. See 12 Am.Jur., Contracts, § 112.
The second means by which the appellant seeks to buttress her complaint is contained in the allegation that by the delivery of the keys to the deceased, the defendants aided and abetted the deceased in the violation of §§ 317.20 and 860.01 Fla. Stat., F.S.A., which prohibit the operation of a motor vehicle while intoxicated or under the influence of alcohol, and that such constituted negligence per se. See Davis v. Shiappacossee, Fla. 1963, 155 So.2d 365. Assuming, arguendo, the validity of appellant's contention, still no right of action would arise in this case since the plaintiff would be barred as a matter of law by the same negligence that is sought to be imputed to the defendant. See Gosma v. Adams, 102 Fla. 305, 135 So. 806, 78 A.L.R. 1193.
Affirmed.
NOTES
[1] See: 30 Am.Jur., Intoxicating Liquors, § 525; 48 C.J.S. Intoxicating Liquors § 431.