342 So.2d 837 (1977)
Norman M. ATKINS, Jr., et al., Appellants,
v.
BELLEFONTE INSURANCE COMPANY, Appellee.
No. 76-766.
District Court of Appeal of Florida, Third District.
February 15, 1977.
Rehearing Denied March 11, 1977.
High, Stack, Davis & Lazenby, Joe N. Unger, Richard M. Welsh & Associates, Thornton, Dougherty & Conroy, Miami, for appellants.
Adams, George, Lee & Schulte, Miami, for appellee.
Before HENDRY, C.J., and PEARSON and BARKDULL, JJ.
PEARSON, Judge.
The plaintiff Norman M. Atkins, Jr. was injured when his automobile was struck by an automobile owned by Grant School of Miami, Inc., and operated by an employee of the School. The complaint alleges that the collision occurred when the employee was returning to the School with an escaped minor, Scott Dackerman. It is alleged that Dackerman "... so carelessly conducted himself as to contribute to the accident ..." This is an appeal from an order dismissing one of the defendants, Bellefonte Insurance Company. The *838 issue involved is whether the Bellefonte insurance policy which contained an exclusion that the policy did not apply "... to the ownership, maintenance, operation, use, loading or unloading of any motor vehicle, trailer, watercraft or aircraft" afforded coverage or the duty to defend the suit by Atkins. We hold that the policy did not cover the automobile collision and we affirm.
The cause is before us upon the appeal of the plaintiff and a joinder in appeal by defendant, Grant School of Miami, Inc., and a second joinder in appeal by defendant Lumbermens Mutual Casualty Company. Defendant Grant School of Miami, Inc., has filed an assignment of error directed to an order which denied Grant School's and Lumbermens' motion to file a third party complaint against Bellefonte Insurance Company. The assignment is not argued in appellant Atkins' brief, although the brief is signed by the parties who joined in the appeal. The assignment of error upon joinder in appeal need not be considered further. See Fla.App. Rule 3.7(i) and Tri-County Produce Distributors, Inc. v. Northeast Production Credit Association, 147 So.2d 587 (Fla.1st DCA 1962).
The plaintiff urges that the allegations of the complaint and the amended second amendment to the complaint are sufficient to show that the alleged negligence of the School in allowing the minor's escape and in not properly handling the return of the minor to the School fell within Bellefonte's coverage. Thereupon, it is argued that the damages from the automobile collision which followed from the escape and the improper handling of the return constitute damages that are partially covered by Bellefonte's policy. See Garden Sanctuary, Inc. v. Insurance Company of North America, 292 So.2d 75 (Fla.2d DCA 1974); C.A. Fielland, Inc. v. Fidelity Casualty Company of New York, 297 So.2d 122 (Fla.2d DCA 1974); and Stevens v. Horne, 325 So.2d 459 (Fla.4th DCA 1975). We hold that the cited cases do not apply because the plaintiff's damages resulted from the use of a motor vehicle. Not only was the plaintiff's damage a primary consequence of the School's use of the motor vehicle, but also it could not have occurred without the use of the School's motor vehicle. The events which brought the motor vehicle to that time and place were not legal causes of the collision. Cf. National Indemnity Co. v. Corbo, 248 So.2d 238 (Fla.3d DCA 1971); and Valdes v. Smalley, 303 So.2d 342 (Fla.3d DCA 1974). The insurance contract determines the conditions and limits of coverage, see Fernandez v. United States Fidelity and Guarantee Company, 308 So.2d 49 (Fla.3d DCA 1975), unless its provisions are contrary to law. See Zipperer v. State Farm Mutual Automobile Insurance Company, 254 F.2d 853 (5th Cir.1958).
Affirmed.