401 So.2d 1136 (1981)
PERSONAL REPRESENTATIVE OF the ESTATE OF John Edward STARLING, Etc., et al., Appellants,
v.
FISHERMAN'S PIER, INC., Etc. et al., Appellees.
No. 80-1711.
District Court of Appeal of Florida, Fourth District.
July 15, 1981.
Edward A. Perse of Horton, Perse & Ginsberg, and Tew & Spittler, P.A., Miami, for appellants.
Larry Klein, and Pomeroy, Pomeroy, Betts & Pomeroy, West Palm Beach, for appellees.
LETTS, Chief Judge.
This appeal is predicated on the dismissal with prejudice of a complaint charging a corporation, which operated a commercial fishing pier, with negligence for failure to safeguard a passed-out drunk customer who was left lying near the ocean on the pier, by himself, in the early hours of the morning and rolled over into the water and drowned. We reverse.
The above facts involve gross conduct on the part of the man who drowned, perhaps exacerbated by the fact that his consumption of the alcoholic beverages, which he brought with him to the pier, was in violation of a municipal ordinance.[1] In consequence we would expect that a jury would find the drowned man comparatively negligent in large or even total measure. However, such expectation of an appropriate apportionment of negligence is not the test in Florida to determine if a cause of action has been stated. As we see it, the question here presented is: When an invitee comes upon the commercial premises of another and passes out cold on the floor, whether through illness, injury or drunkenness, *1137 can the owner or operator of the premises ignore the inert figure lying in a dangerous place or does that owner or operator have an affirmative duty to take at least some minimal steps to safeguard the inert figure? We believe the owner or operator does have such a duty although we find no Florida case which on its facts comes close to the unusual situation now before us.
The pier operator cites us to American Jurisprudence for the proposition that there is "no general duty to come to the assistance of a person who is so ill or intoxicated as to be unable to look out for himself." See 57 Am.Jur.2d, Negligence § 41 at p. 389. However, that section appears to be concerning itself with the level of duty owed by a chance bystander or neighbor and there is no discussion on whether the quoted statement would apply to a customer found on commercial premises.
The pier operator also cites us to the Florida case of Reed v. Black Caesar's Forge Gourmet Restaurant, Inc., 165 So.2d 787 (Fla. 3d DCA 1964) from which we now repeat a statement somewhat similar to the statement just above quoted from American Jurisprudence:
We find no authority, absent legislative enactment, to extend the [possibility of protection in favor of third persons] to those who become voluntarily drunk so that a right of action arises in them because of injury caused by their own intoxication... . Black Caesar's Forge at p. 788.
We would not necessarily disagree with this statement, even now, though it came before the adoption of comparative negligence. See Hoffman v. Jones, 280 So.2d 431 (Fla. 1973). However, under the facts of Black Caesar's Forge the plaintiff got himself drunk in a bar, recovered his keys from valet parking and drove off into Biscayne Bay where he drowned. As the Black Caesar's Forge case reasoned it, the drunk's self-caused incapability to drive after he left the bar was the proximate cause of his death, not the remote act of dispensing the liquor. However, we are persuaded that the Third District would have been of a different view had the drunk passed out in the bar parking lot and been left there on the ground, with full knowledge by the bar's employees, and later run over by an automobile.
The principal Florida case relied upon by the drunken deceased, is Swilley v. Economy Cab Co. of Jacksonville, 46 So.2d 173 (Fla. 1950). However, we are not persuaded by it, because that case involves the "high degree of duty" owed by a common carrier to a passenger. Instead, we have found a West Virginia case with which we agree. Hovermale v. Berkeley Springs Moose Lodge No. 1483, 271 S.E.2d 335 (W. Va. 1980). In this Hovermale case an invitee was drinking at the bar when he became ill and collapsed. Two friends, at the instruction of the bartender, carried him to his car to "sleep it off" out in the lodge parking lot. Then everyone, employees included, left for the night without checking on him. He died of a heart attack apparently incurred while inert in his vehicle. The Hovermale court held that although the lodge owed him only an ordinary and not a high degree of care, said ordinary care must be commensurate with the circumstances. The court continued that the circumstances dictated "that a proprietor is under an ordinary duty of care to render aid to an invitee after he knows or has reason to know the invitee is ill or injured." Id. at 338. The same court also cited the Restatement (Second) of Torts § 314 A which is paraphrased as follows:
A possessor of land who holds it open to the public is under a duty to take reasonable action to give them first aid after he knows that they are ill or injured and to care for them until they can be cared for by others.[2]
*1138 This West Virginia case and the Restatement of Torts are not on all fours with the problem now before us, in that we here have a passed-out drunk rather than someone ill or injured. However, we view the principle as comparable. A proprietor simply cannot ignore and step over an unconscious customer lying in a dangerous place upon his premises and he must take some minimal steps to safeguard any customer upon his premises from extreme danger, even though the customer has allowed himself to be exposed to that danger in the first place. As we recently said in Crislip v. Holland et al., 401 So.2d 1115 (Fla. 4th DCA 1981):
In order to prevail in a lawsuit, the plaintiff must demonstrate that he is within the zone of risks that are reasonably foreseeable by the defendant. The liability of the tortfeasor does not depend upon whether his negligent acts were the direct cause of the plaintiff's injuries, as long as the injuries incurred were the reasonably foreseeable consequences of the tortfeasor's conduct... The question of foreseeability and whether an intervening cause is foreseeable is for the trier of fact.
Adapting all this to the case before us, it is alleged that a drunken, passed out customer was left alone lying on a commercial pier in the early hours of the morning close to the ocean and in imminent danger of rolling over unrestrained into the water with full knowledge of the operator's employee (the railing was inadequate to restrain horizontal bodies). In fact he did so fall in and was drowned. We hold the foregoing particular circumstances stated a cause of action and should not have been dismissed.
REVERSED AND REMANDED.
MOORE and HERSEY, JJ., concur.
NOTES
[1] We note, however, that the pier operator also simultaneously imbibed with the drowned man.
[2] See also comment (f) to the Restatement (Second) of Torts § 314 A:

"f. The defendant is not required to take any action until he knows or has reason to know that the plaintiff is endangered, or is ill or injured. He is not required to take any action beyond that which is reasonable under the circumstances. In the case of an ill or injured person, he will seldom be required to do more than give such first aid as he reasonably can, and take reasonable steps to turn the sick man over to a physician, or to those who will look after him and see that medical assistance is obtained. He is not required to give any aid to one who is in the hands of apparently competent persons who have taken charge of him, or whose friends are present and apparently in a position to give him all necessary assistance."
Note: We recognize that the plaintiff in Hovermale was taken out to his car by two friends.