501 So.2d 36 (1986)
Michael GOODELL, Appellant,
v.
Louis G. NEMETH, Appellee.
No. 86-1214.
District Court of Appeal of Florida, Second District.
December 30, 1986.
Rehearing Denied January 28, 1987.
Wil H. Florin of Carey & Florin, P.A., Clearwater, for appellant.
William F. Rutger and James C. Hadaway of Fowler, White, Gillen, Boggs, Villareal and Banker, P.A., Clearwater, for appellee.
LEHAN, Judge.
We affirm the dismissal with prejudice of plaintiff's third amended complaint which purported to allege causes of action for negligent entrustment of a loaded firearm, negligence per se in violation of section 790.17, Florida Statutes (1985), which forbids the entrustment of weapons to persons of unsound mind, and negligence. We agree with the trial court that no cause of action was stated by the adult plaintiff who, while voluntarily intoxicated in defendant's home, was alleged to have shot himself with defendant's handgun.
It is alleged that defendant handed the gun to plaintiff before plaintiff shot himself, that defendant had placed a bullet in the gun, and that plaintiff did not know defendant had done so. It is not alleged that defendant tricked or misled plaintiff into believing the gun was unloaded, that defendant knew plaintiff did not know that defendant had put the bullet into the gun, that defendant in any way caused or induced plaintiff to shoot the gun, or that defendant knew or had reason to know plaintiff would shoot it. Nor is it alleged whether or not the gun had contained any *37 bullets before the time defendant placed the bullet in it prior to the shooting or whether plaintiff or defendant knew that it did or did not contain any bullets before that time. At best the third amended complaint could be taken to indicate that defendant knew the gun was loaded with at least one bullet and that plaintiff did not know whether or not the gun was loaded when he pulled the trigger and shot himself.[1] Under these circumstances plaintiff argues that there was a duty on the part of defendant to protect the intoxicated plaintiff from himself.
We conclude that as a matter of law the injury was shown to be the proximate result of plaintiff's own negligence and that plaintiff cannot shield himself from his own negligence by his voluntary intoxication. See Reed v. Black Caesar's Forge Gourmet Restaurant, Inc., 165 So.2d 787, 788 (Fla. 3d DCA 1964), cert. denied, 172 So.2d 597 (Fla. 1965) ("[T]he death of the plaintiff's husband was the result of his own negligence or his own voluntary act of rendering himself incapable of driving a car rather than the remote act of the defendant in dispensing the liquor, or delivering the ignition keys and possession of the automobile."). See also Personal Representative of the Estate of Starling v. Fisherman's Pier, Inc., 401 So.2d 1136 (Fla. 4th DCA 1981), petition for review denied, 411 So.2d 381 (Fla. 1981), which departed from Black Caesar's only on the basis that the intoxicated person in Fisherman's was owed a duty by the defendant commercial establishment on whose premises he was seen in imminent danger prior to losing his life from that danger which was easily avoidable by defendant. See also Barnes v. B.K. Credit Service, Inc., 461 So.2d 217, 219 (Fla. 1st DCA 1984), petition for review denied, 467 So.2d 999 (Fla. 1985).
That plaintiff's intoxication occurred in defendant's home and that the gun was made available by defendant does not alter the voluntary nature of plaintiff's acts. Also, the doctrine of comparative negligence, which was adopted subsequent to the decision in Black Caesar's, does not create a cause of action for a plaintiff whose negligence is the cause of his injuries. See Strickland v. Roberts, 382 So.2d 1338, 1339-40 (Fla. 5th DCA 1980).
Affirmed.
HALL and SANDERLIN, JJ., concur.
NOTES
[1] The third amended complaint alleges that plaintiff accidentally shot himself but does not describe the injury. According to counsel for both sides on appeal, plaintiff shot himself when he put the gun to his head and pulled the trigger.