KOVESDY, Appellant,

v.

UTICA FIRE INSURANCE COMPANY, Appellee.

[Cite as *Kovesdy v. Utica Fire Ins. Co.* (1997), 119 Ohio App.3d 547.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 70678.

Decided May 1, 1997.

*James L. Oakar* and *David J. Finnerty,* for appellant.

*Ulmer & Berne, Alexander M. Andrews* and *Carl A. Anthony,* for appellee.

KARPINSKI, Judge.

This appeal arises from an order granting summary judgment in an insurance coverage dispute. The central issue is whether a commercial liability insurance policy issued to a bar provides coverage for wrongful death of an underage adult patron who died in an automobile accident caused by another underage adult patron who drank alcohol at the bar.

Donna Kovesdy, administrator of the estate of Kurt Larsen, filed this action against the bar, Publik House, Inc.; the owners of the premises, William and Theresa Chambers; and a Jane Doe bartender. The complaint alleged in a single count that defendants sold and served alcohol to underage patrons, including decedent and the tortfeasor, on July 30, 1991. Kovesdy alleged that after leaving the bar the tortfeasor collided with a vehicle driven by decedent, which collision resulted in decedent's death. Paragraph 7 of the complaint alleged that this occurred "[a]s a direct and proximate result of the acts or failure of action as required by Revised Code Chapter 43."

Publik House was the named insured in a commercial liability policy issued by Utica Fire Insurance Company ("Utica"). Utica declined to provide a defense of the action because the allegations of Kovesdy's complaint fell within the liquor liability exclusion of the commercial policy. The trial court ultimately entered judgment for Kovesdy, based on stipulations by the parties, in the amount of $500,000. Kovesdy thereafter filed a direct action by supplemental petition against Utica. Kovesdy's supplemental petition alleged that Utica was liable for the judgment against Publik House under the commercial liability policy. Utica filed an answer denying liability and raising various affirmative defenses, including that the claim fell within a liquor liability exclusion for the sale or service of alcohol.

The parties thereafter filed cross-motions for summary judgment and briefs in opposition to their opponents' motions for summary judgment. The trial court denied Kovesdy's motion for summary judgment and granted Utica's motion for summary judgment. Kovesdy timely appeals, raising the following related assignments of error:

"The insurance policy issued by Utica provided coverage for negligence by the insured Publik House and therefore the plaintiff is entitled to satisfaction of judgment issued against Publik House for negligence.

"The provision relied upon by Utica to deny coverage is ambiguous and therefore should be construed against Utica and in favor of the insured."

These assignments lack merit.

Kovesdy argues that the trial court improperly disposed of the parties' cross-motions for summary judgment. Kovesdy argues alternately that summary judgment should have been granted in her favor because the commercial liability policy covered business activity other than the sale or service of alcohol and the liquor liability exclusion for the sale and service of alcohol was ambiguous.

■ Kovesdy contends, contrary to substantial authority, that the bar's liability did not arise out of the "sale or service of alcohol," but rather from separate negligence before and after the sale of alcohol, including (1) permitting underage persons to enter the bar, (2) failing to check identification, (3) selling alcohol after the persons were intoxicated, (4) permitting the persons to leave the premises, and (5) failing to notify the police. We are unpersuaded.

Kovesdy emphasizes Section II of the Special Multi–Peril Policy, which provides the following coverage:

"I. The Company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies, caused by an occurrence, and arising out of the ownership, maintenance or use of the insured premises and all operations necessary or incidental to the business of the named insured conducted at or from the insured premises * *. *."

However, immediately after this provision in Paragraph I(h) the policy contains the following liquor liability exclusion:

"Exclusions

"This insurance does not apply:

"* * *

"(h) to bodily injury or property damage for which the insured or his indemnitee may be held liable

"(1) as a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages * * *."

Numerous courts have construed and applied these provisions to claims like those asserted by Kovesdy in this case and rejected her arguments to circumvent the terms of this policy. There is no dispute in this case that Publik House is an "organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages." Paragraph I(h)(1) unambiguously denies coverage for bodily injury claims such as those asserted by Kovesdy for which Publik House "may be held liable as a[n] * * * organization * * * distributing, selling or serving alcoholic beverages."

The court in *Auto–Owners Mut. Ins. Co. v. Simpson* (Dec. 31, 1987), Butler App. No. CA–87–04–059, unreported, 1987 WL 32759, reviewed this policy exclusion and stated as follows:

"This clause is more or less standard language used in tavern and saloon liability policies." *Id.* at 4.

Insurers have no duty to indemnify an insured for claims covered by this exclusion. *Auto–Owners Mut. Ins. Co. v. Dale's Bar & Grill, Inc.* (1991), 62 Ohio Misc.2d 87, 592 N.E.2d 923. The court in *Dale's Bar & Grill* stated as follows:

"Dale's did not purchase 'liquor liability coverage' as it apparently could have done. Nothing in the Auto–Owners' policy shows this additional endorsement or premium paid. Unfortunately for Dale's, circumstances leading to 'liquor liability' is the particular type of risk specifically excluded from the Commercial General Liability Coverage which it did purchase." *Id.* at 90, 592 N.E.2d at 926.

In support of her argument to the contrary, Kovesdy relies on *Prince v. Buckeye Union Ins. Co.* (Dec. 2, 1992), Richland App. No. 92–CA–6, unreported, 1992 WL 362578, which is distinguishable because of extraordinary facts not present in this case. Prince was a passenger in a car driven by an intoxicated patron who recovered his car keys from the bar after an employee had confiscated them because the employee knew the patron was too drunk to drive.

Prince raised two separate claims against the bar. The first claim, like Kovesdy's sole claim in this case, alleged that the bar served alcohol to the patron knowing he was intoxicated (the "alcohol service claim"). However, Prince's second claim "alleged that after [the patron] had been prevented from driving by confiscation of his car keys, [the bar] negligently returned his keys or allowed others to do so,. and failed to notify authorities or take other action to protect the public" (the "negligent return claim").

The trial court in *Prince* granted summary judgment for Prince on both the alcohol service and negligent return claims under a commercial general liability policy and an umbrella policy. The appellate court in *Prince* reversed judgment on all claims except for the negligent return claim under the commercial general liability policy. The appellate court found no ambiguity and expressly recognized that the alcohol service claim, like that asserted by Kovesdy in this case, was excluded from coverage by the liquor liability exclusion in the commercial policy. *Id.* at 2.

The appellate court also held, however, that the negligent return claim, arising from returning the car keys to a drunk patron under the second count of the complaint, stated a separate claim of negligence not excluded by the liquor liability exclusion. The *Prince* court apparently viewed this second claim as

something analogous to a negligent entrustment claim. Kovesdy seeks to invoke this second aspect of *Prince* in the case at bar.

However, as noted above, Kovesdy's complaint does not allege a separate negligent return claim like that raised in *Prince*. In the case at bar, Kovesdy failed to show that Publik House assumed, let alone breached, such a duty. None of the stipulations state that Publik House confiscated or returned keys to either Larsen or the other patron. Without such an allegation or finding, *Prince* does not warrant recovery in this case.

■ Giving car keys to an intoxicated person is different from anything alleged in the case at bar and constitutes a negligence sufficiently distinct, separate, and independent from the sale or service of alcohol. Anyone can give car keys to an intoxicated person without ever selling or even serving any alcohol to him. The liquor liability exclusion would not preclude coverage under such circumstances. The facts in the case at bar fall within the liquor liability exclusion.

Accordingly, Kovesdy's two assignments of error are overruled.

*Judgment affirmed.*

JAMES D. SWEENEY, P.J., and PATRICIA ANN BLACKMON, J., concur.