715 So.2d 317 (1998)
SCARLETT O'HARA'S, INC., Appellant,
v.
SPHERE DRAKE INSURANCE COMPANY, Appellee.
No. 97-1484.
District Court of Appeal of Florida, Fifth District.
July 24, 1998.
Rehearing Denied August 18, 1998.
Ronald W. Brown of Dobson and Brown, P.A., St. Augustine, for Appellant.
Hildy M. Herrera, of Anderson, Moss, Sherouse & Petros, P.A., Miami, for Appellee.
PER CURIAM.
AFFIRMED.
DAUKSCH, J., concurs.
GRIFFIN, C.J., and HARRIS, J., concur and concur specially with opinions.
GRIFFIN, Chief Judge, concurring specially.
In fairness to the plaintiff, I should explain my reason for voting to affirm the lower tribunal even though I reject the "but for" analysis discussed in the concurring opinion. The exclusion at issue precludes coverage for liability by reason of giving an alcoholic beverage to a minor. The negligent act alleged is giving the intoxicated victim access to his car. If it is independently actionably negligent to allow the plaintiff to operate a motor vehicle knowing he is intoxicated, then the fact that supplying the alcohol to make him drunk is not a covered risk cannot eliminate coverage for the negligent entrustment tort. Clearly, if the defendant had not supplied the alcohol but had nevertheless followed the same path in allowing the intoxicated plaintiff to drive, there would be no basis to deny coverage. To me, the "but for" test is not persuasive. The plaintiff can plead the defendant's knowledge of intoxication by alleging the fact that it was the defendant who supplied him with the intoxicant without eliminating coverage for the independent tort of negligent entrustment.
My reason for voting to affirm is that I do not believe that the failure to prevent an intoxicated person from operating his own vehicle is an independent tort. It may be that, given the opportunity, the high court of this state would find it actionable negligence to allow this young man to drive, knowing that he was intoxicated, but in my view it is not tortious. It may be desirable to try to prevent him from driving, but the failure to stop him from driving ought not to subject a person to liability for injury to the intoxicated *318 person or others he might injure.[1] Thus, if there is any tort at all, it must arise out of the act of supplying him with the alcohol with which he made himself unable to operate a motor vehicle. This is an excluded risk.
HARRIS, Judge, concurring specially:
I write to explain my basis for concurring.
Russom was a minor employed by Scarlett O'Hara's who had become intoxicated at a function sponsored by his employer. He drove away from the party in his own vehicle and struck Hack. Hack sued Russom and Scarlett O'Hara's claiming, among other counts, that Scarlett O'Hara's had committed the tort of negligent entrustment by permitting Russom access to his vehicle. The issue before us is not whether Scarlett O'Hara's is liable to Hack because it provided alcohol to its minor employee and then permitted him to drive knowing he was intoxicated. See Bardy v. Walt Disney World Co., 643 So.2d 46 (Fla. 5th DCA 1994), rev. denied, 651 So.2d 1197 (Fla.1995).
Our issue is whether Scarlett O'Hara's has an action against its general liability insurer, Sphere Drake Insurance Company, to defend against or indemnify for the Hack claim. Sphere Drake sought a declaratory judgment that the claim was not covered by its policy. The court granted summary judgment in favor of Sphere Drake and Scarlett O'Hara's has appealed. I agree with the court's action.
The general liability policy involved in this case was not a liquor liability policy. It specifically excluded the following:
This policy does not apply to bodily injury or property damage for which the insured or his indemnitee may be held liable.
1. As a person or organization engaged in manufacturing, distributing, selling or serving alcoholic beverages, or
2. If not so engaged, as an owner or lessor of premises used for such purposes if such liability is imposed
(I) by, or because of the violation of any statute, ordinance or regulation pertaining to the sale, gift, distribution or use of any alcoholic beverage, or
(ii) by reason of the selling, serving, or giving of any alcoholic beverage to a minor or to a person under the influence of alcohol or which causes or contributes to intoxication of any person.
The issue in this appeal is whether the counts involving negligent entrustment are somehow immune from the policy exemptions relating to the service of alcohol to a minor or service of alcohol which contributed to a person becoming intoxicated. The specific reasons pleaded by Hack to hold Scarlett O'Hara's liable for negligent entrustment is that Scarlett O'Hara's supplied alcoholic beverages to Russom, a minor, and permitted him to drive away from its premises in an intoxicated condition.
Scarlett O'Hara's acknowledges that it is not insured against liability for serving alcohol to a minor or in providing alcohol which causes one to become intoxicated. But it contends that its negligence in permitting the minor to drive away intoxicated (negligent entrustment after providing the alcohol), is a separate and distinct act of negligence which is covered by the policy. The trial court did not accept this reasoning, nor should we.[1] Even if negligent entrustment is an independent cause of action available to Hack against *319 Scarlett O'Hara's, it is still founded on the serving of alcoholic beverage to Russom which is excluded from the policy. There would have been no negligent entrustment if Russom, an otherwise legal driver, had not become intoxicated. Russom, under the facts of this case, would not have become intoxicated "but for" the service of alcohol by Scarlett O'Hara's. If Russom had come into the bar falling down drunk (having obtained his liquor elsewhere) and had voluntarily given Scarlett O'Hara's his car keys to keep for him until he sobered up and Scarlett O'Hara's had accepted the keys but, upon observing that Russom was too drunk to perform his duties as an employee, had returned the keys to him and ordered him to leave, perhaps there would be coverage. But that would not be this case. The court in Hill v. Stony Ridge Inn South, Ltd., 1997 WL 746058 (Ohio App. 12th Dist.1997) stated:
Although we agree that the negligent entrustment... to an intoxicated person may be independent and separate from the sale or service of alcohol, the present case does not involve such a factual scenario. The Hills would not have a claim that Stoney Ridge negligently entrusted car keys to an intoxicated Bruce "but for" Stoney Ridge's sale and service of alcohol to Bruce. Thus ... the Hills' negligent entrustment claim is dependent and arose from Stoney Ridge's sale and service of alcohol to Bruce.
See also, Kovesdy v. Utica Fire Insurance Co., 119 Ohio App.3d 547, 695 N.E.2d 1165 (8th Dist.1997) (in wrongful death action against underage patron of bar, plaintiff argued that bar's liability arose out of separate negligence before and after sale of alcohol including permitting underage persons to enter premises, failure to check ID, permitting individuals to leave the premises, and failure to notify police; court concluded that liquor liability exclusion denied coverage for all claims because claims were dependent and arose from sale and service of alcohol); Paradigm Insurance Co. v. Texas Richmond Corp., 942 S.W.2d 645 (Tex.App.1997) (liquor liability exclusion precluded coverage for plaintiff's claim that club negligently hired and supervised valet parking service where defendant/patron's impaired condition resulted from consumption of alcohol at club and plaintiff's claim that club negligently hired and supervised service stemmed from failure of parking attendant to monitor intoxication of patrons; allegations arose out of business of selling or serving alcohol).
Florida Courts, in construing insurance coverage, have consistently looked at the operative facts and not the nomenclature placed on the action by the lawyers. See Hagen v. Aetna Casualty and Surety Company, 675 So.2d 963, 965 (Fla. 5th DCA), rev. denied, 683 So.2d 483 (Fla.1996), Gargano v. Liberty Mutual Insurance Company, 384 So.2d 220 (Fla. 3d DCA 1980); Atkins v. Bellefonte Insurance Company, 342 So.2d 837 (Fla. 3d DCA 1977).[2]
The policy herein did not cover the plaintiff's claim and the trial court was correct in granting summary judgment.
NOTES
[1] See Bardy v. Walt Disney World Co., 643 So.2d 46 (Fla. 5th DCA 1994), review denied, 651 So.2d 1197 (Fla. 1995).
[1] Judge Griffin believes that there would be liability under the policy if there only existed a cause of action for negligently entrusting Russom's vehicle to himself. She opines, however, that no such cause of action exists. This would also excuse Scarlett O'Hara's, even if it had possession of Russom's car keys, from a negligent entrustment action based on its getting him drunk, returning the keys to him, and releasing him into traffic. Because we are not here considering the liability of Scarlett O'Hara's to Hack but rather whether there is any responsibility of the insurer under its policy, I elect not to consider this issue. I note, however, that the answer is not as certain as one might expect. See Jordan v. Sabourin, 1996 WL 694628 (Conn.Super., 1996); Reddell v. Allen, 193 Ga.App. 102, 386 S.E.2d 735 (1989). I prefer to accept the analysis of the Ohio court that even if the cause of action exists, under the pleadings and facts of this case, liability for the cause of action is excluded by the policy.
[2] We acknowledge that the Fourth District disagreed with Atkins in Smith v. General Acc. Ins. Co. of America, 641 So.2d 123 (Fla. 4th DCA 1994). Smith, relying on the principle that the duty to defend is more extensive than the duty to indemnify, held that even though the policy excluded injuries arising out of the use of a automobile, the insurer nevertheless was obliged to defend an action based on the allegation that the defendant negligently employed the operator of the automobile that caused the injury. Atkins is more persuasive. If the complaint shows that the injury is not covered by the policy, then there should be no duty to pay or defend. If one has not bought the coverage, he is not entitled to the protection. If the complaint can allege a basis for coverage, for example a negligent tort instead of an intentional one, then even though the facts may prove not to support the claim, nevertheless a defense is required. But if one can only allege a cause of action not covered by the policy, he is not entitled to a defense. In Smith, the policy excluded an action based on personal injuries resulting from the use of an automobile. It should not matter whether the injured person claims negligent operation of the vehicle or negligent hiring of the operator who then negligently operates the vehicle; the action is still for injuries resulting from the use of an automobile and is excluded from the policy.