842 So.2d 1068 (2003)
PREFERRED NATIONAL INSURANCE, Appellant,
v.
FAT INVESTORS, INC., d/b/a Dax's Bar & Grill, Jane E. McGill and Richard Limegrover, as co-personal representatives of the Estate of Shawn R. Limegrover, Appellees.
No. 4D02-1226.
District Court of Appeal of Florida, Fourth District.
April 23, 2003.
Hinda Klein of Conroy, Simberg, Ganon, Krevans & Abel, P.A., Hollywood, for appellant.
Julie H. Littky-Rubin of Lytal, Reiter, Clark, Fountain & Williams, LLP, West Palm Beach for appellees Jane E. McGill and Richard Limegrover.
David M. Beckerman of David M. Beckerman, P.A., Boca Raton, for appellee Fat Investors, Inc.
KLEIN, J.
Shawn Limegrover, a minor, drank until he was intoxicated at Dax's Bar, which is on Clematis Street in downtown West Palm Beach. He walked out of the bar and, later in the night, while on foot, was killed by a train. The trial court held that his estate had a cause of action against the bar for allowing a person, known to be inebriated, to leave, and that there was insurance coverage under the bar's policy, which excluded liability for furnishing liquor. We reverse.
The exclusion provided:
This insurance does not apply to:
(C) Liquor liability
`Bodily injury' or `property damage' for which any insured may be held liable by reason of:
(1) Causing or contributing to the intoxication of any person;
(2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or
(3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverage.
In an attempt to get around this exclusion, the estate alleged a theory of liability *1069 which is unconnected with furnishing liquor. It is based on the argument that a premises owner has a duty to a person known to be drunk to render aid so that the person does not leave and injure himself or others. In holding that there is such a duty the trial court relied solely on a decision of this court, reasoning:
In [Estate of] Starling v. Fisherman's Pier, Inc., 401 So.2d 1136 (Fla. 4th DCA 1981), the Fourth District Court of Appeal considered a proprietor's duty of care to render aid to an invitee. There, a corporation which operated a fishing pier was charged with negligence for failure to safeguard a passed-out drunk customer who was left lying near the ocean on the pier by himself. The customer eventually rolled over into the water and drowned. The Fourth District... held that the owner or operator of the premises has an affirmative duty to take at least some minimal steps to safeguard an inert person....
Thus, given the reasoning in Starling... a cause of action against a proprietor for failure to render aid to a known inert invitee exists in Florida.
The essence of Starling is: "A proprietor simply cannot ignore and step over an unconscious customer lying in a dangerous place upon his premises." Id. at 1138. In Starling the intoxicated person was both inert, and in a dangerous position on defendant's premises. In the present case, the patron was neither inert nor in danger while on defendant's premises.
Because this theory of recovery would impose liability on a bar owner even where the bar had not furnished the alcohol which made the patron drunk, it would apply to other businesses as well. It would mean that if an obviously drunk person stumbled into a fast food restaurant, for example, that owner would have a duty to not allow the drunk to leave. The estate has furnished us with no precedent to support this type of liability, nor any good reason why we should so broadly expand premises liability.
The insurer relies on Scarlett O'Hara's, Inc. v. Sphere Drake Ins. Co., 715 So.2d 317 (Fla. 5th DCA 1998), a per curiam affirmed, with two concurring opinions. In that case a minor employed by Scarlett O'Hara's became intoxicated at a function sponsored by his employer, drove away from the party in his own vehicle, and struck the plaintiff. The plaintiff sued Scarlett O'Hara's, claiming it had committed the tort of negligent entrustment by permitting the employee access to his vehicle. The trial court held there was no coverage and the fifth district affirmed. Both of the concurring opinions reasoned that there was no viable cause of action alleged by the injured plaintiff which was unrelated to the furnishing of alcohol, and the liquor liability exclusion precluded coverage.
The result in Scarlett O'Hara's is consistent with decisions from other jurisdictions which hold that a liquor liability exclusion precludes coverage where a bar is alleged to be negligent for allowing a drunk patron to leave. Frost v. David, 673 So.2d 340 (La.Ct.App.1996); Sheffield Ins. Co. v. Lighthouse Prop., 252 Mont. 321, 828 P.2d 1369 (1992); N.H. Ins. Co. v. Hillwinds Inn, 117 N.H. 350, 373 A.2d 354 (1977); Kovesdy v. Utica Fire Ins. Co., 119 Ohio App.3d 547, 695 N.E.2d 1165 (1997); Paradigm Ins. Co. v. Texas Richmond Corp., 942 S.W.2d 645 (Tex.Ct.App.1997);. Kelly v. Painter, 202 W.Va. 344, 504 S.E.2d 171 (1998);
Although we have not relied on it, we have not overlooked Reed v. Black Caesar's Forge Gourmet Rest., Inc., 165 So.2d 787 (Fla. 3d DCA 1964), in which a drunk patron of a bar was killed in an accident after the parking valet allowed him to *1070 drive off. The court held that the bar could not be liable, but its reasoning was based primarily on the fact that the accident was caused by the patron's own negligence which, at that time, was a complete bar to recovery. We have no way of knowing whether that court would have reached the same result under principles of comparative negligence.
We reverse for entry of a judgment finding no coverage.
GROSS and TAYLOR, JJ., concur.