917 So.2d 1064 (2006)
Lorraine HORTON, Appellant,
v.
Louis FREEMAN and Jeanne Freeman, Appellees.
No. 4D04-2958.
District Court of Appeal of Florida, Fourth District.
January 18, 2006.
Steven M. Goldsmith of Steven M. Goldsmith, P.A., Boca Raton and William R. Ponsoldt, Jr., of Wright, Ponsoldt & Lozeau, Stuart, for appellant.
Louis Schulman and Cynthia M. Dennen of Casagrande & Associates, P.A., St. Petersburg, for appellees.
*1065 MAY, J.
The plaintiff appeals an order dismissing her amended complaint with prejudice. She argues the complaint sufficiently stated a cause of action for negligence. We agree and reverse.
The plaintiff filed a wrongful death action for the death of her son. In her fourth amended complaint, the plaintiff alleged three counts: negligent care, negligent supervision, and negligence per se for violation of section 827.04, Florida Statutes (2004), contributing to the delinquency of a child. The plaintiff alleged the defendants voluntarily assumed the care and custody of her minor son while she tended to a personal family emergency.
Specifically, the fourth amended complaint alleged the defendants created an environment for the use of drugs in their home, negligently allowed the use of illegal drugs by their son and the decedent, failed to call an ambulance, and failed to provide appropriate care when they knew or should have known the decedent had overdosed. The complaint further alleged the defendants found the decedent lying unconscious on the floor of their residence with "froth and spittle" oozing from his mouth. And, instead of attempting to revive the child or call for emergency assistance, the defendants took photographs of the plaintiff's son, and "left the comatose [child] to die" from an apparent drug overdose.
*1066 The defendants filed a motion to dismiss and/or strike. The trial court dismissed the fourth amended complaint with prejudice and struck the negligence per se claim as untimely.
We review orders of dismissal de novo. See K.W. Brown & Co. v. McCutchen, 819 So.2d 977 (Fla. 4th DCA 2002). In doing so, we acknowledge that trial courts must generally afford a litigant an opportunity to cure a defect in the pleading before dismissing it with prejudice. See Kairalla v. John D. & Catherine T. MacArthur Found., 534 So.2d 774 (Fla. 4th DCA 1988). In this case, the trial court afforded the plaintiff three opportunities to amend her complaint. Generally, a trial court is within its discretion to dismiss a complaint with prejudice after three opportunities to amend. See Kohn v. City of Miami Beach, 611 So.2d 538 (Fla. 3d DCA 1992). Our goal is to review the allegations to determine whether the plaintiff alleged a viable cause of action after four attempts to do so.
To state a claim for negligence, the plaintiff must allege the existence of a duty, breach of that duty, causation, and damages. See, e.g., Clay Elec. Coop., Inc. v. Johnson, 873 So.2d 1182 (Fla.2003). Here, the plaintiff alleged three bases for a duty owed to her son. Two derive from the common law of negligence in the defendants having undertaken the care and supervision of the plaintiff's decedent. The third derives its origin from the statutory duty to refrain from contributing to the delinquency of a minor.[1]
"It is axiomatic that an action undertaken for the benefit of another, even gratuitously, must be performed in accordance with an obligation to exercise reasonable care." Barfield ex rel. Barfield v. Langley, 432 So.2d 748 (Fla. 2d DCA 1983) (citing Banfield v. Addington, 104 Fla. 661, 140 So. 893 (1932)); see also RESTATEMENT (SECOND) OF TORTS § 323 (1965). In Barfield, the court held that not only had a cause of action been stated, but that genuine issues of material fact remained concerning the defendants' duty to use reasonable care in the care and supervision of the plaintiffs' son.
The plaintiffs in Barfield alleged the defendants had agreed to take care of the plaintiffs' two children, one of whom was a nine-year old boy. The defendants' nine-year old son owned a BB gun. He invited a friend to bring his BB gun over to the house. The three boys then went to a nearby field. When the friend shot at a foxhole, the bullet ricocheted off of a board and struck the plaintiffs' nine-year old son near the right eye, causing permanent injury.
The trial court entered a final summary judgment against the plaintiffs, specifically finding no genuine issue of material fact existed. The Second District Court of Appeal disagreed and reversed the summary judgment finding a "genuine issue of material fact exist[ed] ... in regards to whether [the defendants] breached [their] duty" to use reasonable care in protecting the plaintiffs' son from reasonably foreseeable harm. Id. at 749.
Here, the fourth amended complaint alleged the defendants undertook the duty to care for and supervise the plaintiff's decedent. Reduced to its simplest form, the fourth amended complaint alleged the defendants openly displayed drug paraphernalia, permitted the use of drugs within their home, and failed to take appropriate action when they found the decedent in a comatose condition. It alleged *1067 the defendants breached their duty to use reasonable care when they allowed the children to use drugs and failed to take appropriate action when they knew or should have known the decedent had overdosed on drugs. While the facts may ultimately belie the allegations, taking the well-pled allegations as true, we hold the fourth amended complaint states a viable cause of action.
We find the facts of Preferred National Insurance v. Fat Investors, Inc., 842 So.2d 1068 (Fla. 4th DCA 2003), distinguishable. In that case, we held a bar owner owed no duty to a patron who left the bar and was killed by a train when he wandered onto the tracks in an inebriated state. We declined to extend premises liability to the facts of that case.
We emphasize that our holding in this case does not expand premises liability to impose a duty on a social host to seek medical attention for a guest unless that host has voluntarily undertaken that duty. See, e.g., Estate of Massad v. Granzow, 886 So.2d 1050 (Fla. 4th DCA 2004) (complaint stated valid cause of action against social host who abandoned intoxicated man near pool when he was helpless). Rather, as pled, this case presents allegations of a voluntary assumption of a duty to care for and supervise a minor, which requires the exercise of reasonable care. The facts, not the allegations, will ultimately reveal whether there is liability. At this stage, however, the fourth amended complaint states a cause of action.
For this reason, the order of dismissal is reversed and the case remanded to the trial court for further proceedings consistent with this opinion.
Reversed and remanded.
STONE and SHAHOOD, JJ., concur.
NOTES
[1] We affirm the trial court's striking of the negligence per se claim as barred by the two year statute of limitations for a wrongful death claim. See § 768.28, Fla. Stat. (2004).