# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| VALERIYA TIKHOMIROV, as Personal Representative of the Estate of Lyudmila Tikhomirova; NATALYA TIKHOMIROVA; SVETLANA KALACHEVA; TIMOFEY TIKHOMIROV; IRINA YUKHIMETS; ANDREY TIKHOMIROV; and ALEKSANDR TIKHOMIROV, <br><br> Appellants, <br><br> v. <br><br> MACY'S WEST STORES, INC., an Ohio Corporation; and JOHN DOES I-V, <br><br> Respondents. | No. 50941-5-II <br><br><br><br><br><br><br><br><br> UNPUBLISHED OPINION |

MELNICK, J. — Lyudmila Tikhomirova died of a heart attack in a Macy's restroom. Nobody discovered her until the following morning. Tikhomirova's estate and six of her children (collectively the Estate), appeal the trial court's decision granting summary judgment to Macy's West Stores, Inc. for Tikhomirova's wrongful death.[1]

Because Macy's did not breach any duty to inspect its premises, nor did it breach any duty to render aid to Tikhomirova, we affirm the trial court's order granting summary judgment to Macy's.

---

[1] The Estate also contends that the trial court erred by striking an unsworn expert report. Because we conclude that Macy's did not breach any duty it owed Tikhomirova as a matter of law, we do not reach this issue.

FACTS

Lyudmila Tikhomirova entered a Macy's store in Vancouver, Washington, at about 5:48 p.m. Four minutes later she entered a single occupancy restroom in the store. Cleaning staff found her body in the restroom the following morning at 6:22 a.m. She was deceased. The responding Vancouver police officer reported that it appeared she "was using the toilet when she apparently had medical problems, and fell off the toilet." Clerk's Papers (CP) at 44.

The store closed at 7:00 p.m. and followed its typical closing procedures. A Macy's employee checked all exterior doors and fitting rooms. Starting at 6:45, the employee made three announcements over loudspeaker that the store would be closing at 7:00. After the store closed, the same employee announced two to four additional times that the store was closed. The employee then shut off lights, armed the alarm system, and locked the doors. Nobody checked to see if the restroom was occupied.

The Clark County medical examiner reported that Tikhomirova had a history of many health problems, including congestive heart failure and diabetes, and was on many medications, including home oxygen use. Tikhomirova's death certificate lists three causes of death: a myocardial infarction (heart attack) which began "minutes" before her death, dilated cardiomyopathy which began five years before her death, and interstitial lung disease, which began twenty years before her death. CP at 49.

The Estate sued Macy's for wrongful death based on negligence.[2] Macy's moved for summary judgment on the grounds that it owed Tikhomirova no duty to prevent an unforeseeable medical emergency and that there was no evidence that any act or omission by Macy's proximately

---

[2] It also sued for negligent infliction of emotional distress and outrage but the court dismissed those claims on summary judgment. The Estate did not appeal from that dismissal.

caused Tikhomirova's death. The trial court granted summary judgment to Macy's and dismissed the Estate's claims with prejudice. The Estate appeals.

ANALYSIS

I.    LEGAL PRINCIPLES

We review an order for summary judgment de novo, performing the same inquiry as the trial court. *Aba Sheikh v. Choe*, 156 Wn.2d 441, 447, 128 P.3d 574 (2006). In doing so, we draw all inferences in favor of the nonmoving party. *U.S. Oil & Ref. Co. v. Lee & Eastes Tank Lines, Inc.*, 104 Wn. App. 823, 830, 16 P.3d 1278 (2001). "Summary judgment is proper if the record shows that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *U.S. Oil & Ref. Co.*, 104 Wn. App. at 830.

Under RCW 4.20.010, "[w]hen the death of a person is caused by the wrongful act, neglect, or default of another his or her personal representative may maintain an action for damages against the person causing the death."

In an action for wrongful death based on negligence, a plaintiff must prove four basic elements: "(1) the existence of a duty owed to the plaintiff, (2) breach of that duty, (3) resulting injury, and (4) a proximate cause between the alleged breach and resulting injury." *Brown v. Dep't of Corrs.*, 198 Wn. App. 1, 12, 392 P.3d 1081 (2016). The parties dispute the elements of duty and proximate cause in this case.[3]

II.    DUTY TO BUSINESS INVITEES

The Estate contends that Macy's, as a landowner, had a duty to protect Tikhomirova, a business invitee, from dangerous conditions on its premises. It claims there is a genuine issue of

---

[3] Because we conclude that Macy's did not breach any duty it owed Tikhomirova, we do not reach the issue of proximate cause.

material fact as to whether Macy's breached this duty by failing to check the restrooms as part of its closing procedure. We disagree.

The threshold determination of whether a duty exists is a question of law. *Degel v. Majestic Mobile Manor, Inc.*, 129 Wn.2d 43, 48, 914 P.2d 728 (1996). The degree of duty a landowner owes to persons on the premises depends on whether the entrant "falls under the common law category of a trespasser, licensee, or invitee." *Fredrickson v. Bertolino's Tacoma, Inc.*, 131 Wn. App. 183, 188-89, 127 P.3d 5 (2005). The parties agree that Tikhomirova was an invitee in this case.

Washington uses *Restatement (Second) of Torts* §§ 343 and 343A (Am. Law Inst. 1965) to determine a landowner's liability to invitees. *Iwai v. State*, 129 Wn.2d 84, 93, 915 P.2d 1089 (1996). Under section 343:

> "A possessor of land is subject to liability for physical harm caused to his [or her] invitees by a condition on the land if, but only if, he [or she]
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger."

*Iwai*, 129 Wn.2d at 93-94 (quoting RESTATEMENT § 343).

"'Reasonable care requires the landowner to inspect for dangerous conditions'" and repair or safeguard such conditions as may be reasonably necessary to protect business invitees. *Mucsi v. Graoch Assoc. Ltd. P'ship No. 12*, 144 Wn.2d 847, 856, 31 P.3d 684 (2001) (quoting *Tincani v. Inland Empire Zoological Soc'y*, 124 Wn.2d 121, 139, 875 P.2d 621 (1994)). The duty to inspect

4

"is a duty of reasonable care to inspect the premises and discover unreasonably hazardous conditions," whereas the duty to remedy "is a duty of reasonable care to remedy unreasonably hazardous conditions, by repair, removal, warning, or otherwise." *Nivens v. 7-11 Hoagy's Corner*, 83 Wn. App. 33, 44, 920 P.2d 241 (1996), *aff'd*, 133 Wn.2d 192, 943 P.2d 286 (1997).

The Estate does not allege that any dangerous condition on Macy's property existed, much less that Macy's failed to discover or protect Tikhomirova from such a condition. Rather, the Estate contends that the duty to inspect exists independently from the duty to remedy, regardless of whether any dangerous conditions exist. However, the Estate cites no case, and we have found none, that imposes any such duty on a landowner in the absence of any dangerous conditions on the premises. The existence of a dangerous condition is implicit in all three elements of a landowner's duty under section 343.

To the extent Macy's had a duty to inspect the premises for dangerous conditions, the Estate has not shown any genuine issue of material fact. It has not alleged or shown that such a condition existed. Accordingly, Macy's did not breach any duty it owed Tikhomirova under section 343.

III.    DUTY TO RENDER AID

The Estate contends that Macy's also had a duty to render aid to Tikhomirova pursuant to the special relationship between business and customer. It claims that there exists a genuine issue of material fact as to whether Macy's breached this duty. We disagree.

Traditional tort law imposes no legal duty to come to the aid of a stranger. *Folsom v. Burger King*, 135 Wn.2d 658, 674, 958 P.2d 301 (1998). However, some special relationships "create an affirmative duty to protect another from harm." *Folsom*, 135 Wn.2d at 674-75. One such relationship "exists between a business and an invitee because the invitee enters the business premises for the economic benefit of the business." *Nivens*, 133 Wn.2d at 202. Both *Folsom* and

*Nivens* concerned a business's responsibility to protect invitees from third persons. 135 Wn.2d at 661-62 (plaintiff's estates sued Burger King based on its control over the premises where plaintiffs were murdered); 133 Wn.2d at 194-95 (plaintiff was attacked by persons loitering in parking lot of convenience store).

However, a business is not the "guarantor of the invitee's safety from all third party conduct on the business premises." *Nivens*, 133 Wn.2d at 203. Because the landowner is not the "insurer of the visitor's safety," the landowner is under no duty to protect the invitee from the acts of third parties it does not know of and has no reason to know of. *Nivens*, 133 Wn.2d at 204-05 (quoting RESTATEMENT § 344 cmt. f). This is because "[n]o duty arises unless the harm to the invitee by third persons is foreseeable." *Nivens*, 144 Wn.2d at 205.

*Folsom* and *Nivens* both cite *Restatement* § 314A, which provides that a "possessor of land who holds it open to the public" has a duty "to members of the public who enter in response to [its] invitation" to "give them first aid after it knows or has reason to know that they are ill or injured, and to care for them until they can be cared for by others." This section of the restatement imposes no obligation where the landowner has no knowledge or reason to know of harm to an invitee.

In this case, the Estate alleges that Macy's had reason to know of Tikhomirova's condition because it should have checked the restroom before closing for the night. However, the Estate has not shown that Macy's had any duty to check its restroom prior to closing for the evening. *Restatement* § 314A imposes a duty to protect only from those conditions the business owner

6

knows of or has reason to know of. Macy's had no duty to protect Tikhomirova from unknown medical conditions she suffered in a locked restroom.[4]

We affirm the trial court's order granting summary judgment to Macy's.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Melnick, J.

We concur:

Worswick, J.

Maxa, C.J.

---

[4] The Estate additionally cites several out-of-jurisdiction cases about a special relationship duty to render aid to a person in need of medical help. However, even these cases recognize that a person with a special relationship imposing a duty to render aid only need do so when the defendant "knew or should have known that [the plaintiff] was seriously injured." *Lindsey v. Miami Dev. Corp.*, 689 S.W.2d 856, 860 (Tenn. 1985); *see also, e.g.*, *Pers. Representative of Estate of Starling v. Fisherman's Pier, Inc.*, 401 So. 2d 1136, 1137-38 (Fla. Dist. Ct. App. 1981) (imposing duty on a business owner to protect from foreseeable danger); *Hovermale v. Berkeley Springs Moose Lodge No. 1483*, 271 S.E.2d 335, 338 (W.Va. 1980) (imposing a duty to aid "after [the landowner] knows or has reason to know that [invitees] are ill or injured, and to care for them until they can be cared for by others.").